Lawrence C. HARRIS, Jr. and
Mary Harris, Plaintiffs,

v.

PROVIDENT LIFE & ACCIDENT IN-SURANCE COMPANY, a Tennessee corporation; Service Corporation International, a Texas corporation; Lincoln Memorial Park, Inc., an Oregon corporation; and Carl Chadowski, Defendants.

Civ. No. 91–575–FR.

United States District Court,
D. Oregon.

Oct. 4, 1991.

Steven Kahn, Kahn & Kahn, P.C., Portland, Or., for plaintiffs.

Bruce A. Rubin, Victoria L. Rudometkin, Miller, Nash, Weiner, Hager & Carlsen, Portland, Or., for defendants.

## OPINION

FRYE, Judge:

The matter before the court is defendants' motion for summary judgment (# 5).

Plaintiffs, Lawrence C. Harris, Jr. and Mary Harris (respectively, Harris and M. Harris), bring this action 1) for breach of fiduciary duty and breach of contract against the defendants, Provident Life & Accident Insurance Company (Provident), Service Corporation International (SCI), Lincoln Memorial Park, Inc. (Lincoln), and Carl Chadowski; 2) for misrepresentation against Lincoln and Chadowski; and 3) for misrepresentation against Provident.[1]

## UNDISPUTED FACTS

Harris and M. Harris are husband and wife. Harris is a former employee of Lincoln. Employees of Lincoln are covered under the SCI Health Plan (the Plan), a self-insured, group health plan sponsored by Lincoln's parent corporation, SCI. SCI contracts with Provident to perform certain administrative functions of the Plan. SCI is required to assist Provident in determining the eligibility of an employee to receive benefits. Employees of Lincoln are covered under the Plan on the first day of the month following the completion of one full month of service.

---

1. On September 18, 1991, the parties filed a stipulation for order allowing filing of amended complaint. The amended complaint adds two additional claims for relief and two additional defendants; however, defendants indicate that their motion for summary judgment applies to the additional claims and defendants as well.

On September 25, 1989, Harris became employed by Lincoln as a salesman of funeral service programs. On October 9, 1989, Harris made his first sale of a funeral services program for Lincoln. On several occasions thereafter, Chadowski, Lincoln's manager and sales director, told Harris and M. Harris that Harris and his dependents were covered under the Plan as of the date of the first sale that Harris made. Chadowski made these representations 1) with the knowledge that they were false or with reckless or negligent disregard for the truth; and 2) with the intent that Harris and M. Harris would rely upon them. Provident told M. Harris that Plan benefits were available if the employer of Harris confirmed this coverage. In reliance on the representations of Chadowski and Provident, Harris and M. Harris enrolled their son, Kenneth Harris, in an inpatient alcoholism treatment center, thereby incurring $9,208.65 in medical expenses. Thereafter, Provident refused to reimburse Harris and M. Harris for these expenses because, under the Plan document, their coverage did not become effective until the first day of the month after Harris had been employed by Lincoln for one full month.

## CONTENTIONS OF THE PARTIES

Defendants move for summary judgment on all claims for relief. Defendants contend that the Employee Retirement Income Security Act of 1974 (ERISA) preempts the state law claims of Harris and M. Harris; and Harris and M. Harris have failed to state a cause of action under ERISA because ERISA does not allow the recovery of monetary damages against a nonfiduciary on the basis of a claim arising out of the administration of an employee benefit plan, and Harris and M. Harris have failed to show that any defendant is an ERISA fiduciary.

Harris and M. Harris contend that, at worst, they have an action for either 1) common law claims of misrepresentation or breach of contract; or 2) breach of fiduciary duty under ERISA. Harris and M. Harris contend that their state law claims are not preempted. They also argue that

Chadowski and Provident are ERISA fiduciaries and that they breached their fiduciary duties.

## APPLICABLE STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). On a motion for summary judgment, all reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir.1976).

## ANALYSIS

The intent of Congress in passing ERISA was "'to promote the interests of employees and their beneficiaries in employee benefit plans.'" *Ingersoll–Rand Co. v. McClendon*, —— U.S. ——, ——, 111 S.Ct. 478, 482, 112 L.Ed.2d 474 (1990) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983)). ERISA includes a number of safeguards designed both to protect the rights of employees and to prevent abuses by employees. The safeguards designed to protect the rights of employees include the preemption provision of ERISA, 29 U.S.C. § 1144; the civil enforcement provision of ERISA, 29 U.S.C. § 1132(a); and the provision of ERISA which sets forth liability for breach of fiduciary duty, 29 U.S.C. § 1109. *See Ingersoll–Rand*, 111 S.Ct. at 482.

1. *Preemption*

The preemption clause of ERISA provides:

Except as provided in subsection (b) of this section, the provisions of this sub-

chapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a). In formulating this " 'deliberately expansive' language," Congress rejected "more limited pre-emption language that would have made the clause 'applicable only to state laws relating to the specific subjects covered by ERISA.' " *Ingersoll–Rand,* —— U.S. at ——, 111 S.Ct. at 482 (quoting *Shaw,* 463 U.S. at 98, 103 S.Ct. at 2900). The Supreme Court has, in a series of opinions, directed courts to apply the preemption clause of ERISA expansively. *Id.; FMC Corp. v. Holliday,* —— U.S. ——, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990); *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

■ Underlying the state law claims of Harris and M. Harris for misrepresentation and breach of contract are the alleged misstatements of Chadowski and Provident regarding the starting date of the benefits that the Plan provided. These misstatements which form the basis for the causes of action of Harris and M. Harris directly concern the substantive provisions of the employee benefit plan. The decision in *Ingersoll–Rand* convinces the court that state law claims for damages based on the alleged misrepresentations of an employer with regard to the substantive provisions of health plan benefits "relate to" an ERISA plan and are the type of claims that Congress intended to preempt when it enacted ERISA.

### 2. *Breach of Fiduciary Duty*

A fiduciary under ERISA is any person who, with respect to a health care plan, [1] exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets ... or [2] has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). Only persons who perform one of the functions outlined in section 1002(21)(A) are fiduciaries. 29 C.F.R. § 2509.75–8.

■ A person who performs purely ministerial functions with respect to a plan is not a fiduciary. *Id.* Ministerial functions include applying rules which determine the eligibility of a participant for benefits, calculating benefits, orientating new participants and advising participants of their rights under the plan, and making recommendations to others for decisions with respect to plan administration. *Id.*

■ Harris and M. Harris argue that Chadowski and Provident were fiduciaries in the following way:

Carl Chadowski acted as a fiduciary when he continuously represented to plaintiffs that they were covered by the Plan. Plaintiffs were not informed, until after the expense was incurred, that they needed to contact a Plan Administrator in another state to verify coverage. Moreover, as the manager of SCI's local operation, Carl Chadowski was the agent of the fiduciary, SCI, and as such, acted as a fiduciary for the purpose of his coverage representations to plaintiffs.

Provident acted as a fiduciary when it represented to plaintiffs that Lawrence Harris' employer, Lincoln, had the authority to verify coverage. As SCI's "assistant" in administering the Plan, Provident could have easily referred plaintiffs to the Plan Administrator. Moreover, the Administrative Services Agreement states that Provident is responsible for certifying the eligibility of employees to receive benefits, and need not seek SCI's assistance, except "when necessary."

Plaintiffs' Response, pp. 8–9.

■ These contentions, taken as true for the purposes of this motion for summary judgment, fail to raise a question of material fact as to whether either Chadowski or Provident acted as a fiduciary with respect to the Plan. The obligations of both Cha-

dowski and Provident under the Plan fail to rise to the level of the "discretionary authority," "discretionary control," or "discretionary responsibility" necessary to be termed a fiduciary under 29 U.S.C. § 1002(21)(A). The actions of Chadowski and Provident, including certifying the eligibility of employees to receive benefits, amounted to no more than "ministerial functions." *See* 29 C.F.R. § 2509.75–8. That Chadowski served as an agent of the plan sponsor, SCI, does not transform him into a fiduciary with respect to the Plan. "Under ERISA the roles of plan administrator and plan sponsor are distinct. The plan administrator owes a fiduciary duty to plan participants; the plan sponsor, as long as it is not acting as an administrator, generally does not." [2] *Payonk v. HMW Indus., Inc.*, 883 F.2d 221, 231 (3rd Cir. 1989) (Stapleton, J., concurring).

## CONCLUSION

The state law claims of Harris and M. Harris are preempted by ERISA; however, because neither Chadowski nor Provident is a plan fiduciary, ERISA does not provide Harris or M. Harris with a remedy. Accordingly, defendants' motion for summary judgment (# 5) is granted.

---

**2.** SCI Senior Vice President/Administration, Joe E. Turner, Jr., is the Plan Administrator.