26 F.3d 930
 63 USLW 2032, 18 Employee Benefits Cas. 1567
 Lawrence C. HARRIS, Jr.; Mary Harris, Plaintiffs-Appellants,
v.
PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, Tennessee
corporation; Lincoln Memorial Park, Inc., Oregon
corporation; Service Corporation
International, Texas
corporation,
Defendants-
Appellees.
 No. 91-36128.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 2, 1993.
Decided June 7, 1994.
 
 Steven Kahn, Kahn & Kahn, Portland, OR, for plaintiffs-appellants.
 Victoria L. Rudometkin, Portland, OR, for defendants-appellees.
 Appeal from the United States District Court for the District of Oregon.
 Before: TANG, POOLE, and RYMER, Circuit Judges.
 Opinion by Judge TANG.
 TANG, Senior Circuit Judge:
 
 
 1
 Lawrence and Mary Harris (collectively the "Harrises") appeal the grant of summary judgment against them on their state law causes of action for misrepresentation and breach of contract, and their ERISA claim for breach of fiduciary duty. See Harris v. Provident Life & Accident Ins. Co., 776 F.Supp. 1450 (D.Or.1991). The Harrises argue that the district court erred by (1) finding that their state law claims were preempted by ERISA, (2) failing to decide whether the Harrises had brought a claim for equitable estoppel under ERISA, and (3) finding that none of the defendants was a fiduciary. We have jurisdiction under 28 U.S.C. Sec. 1291. Because we find that the district court lacked jurisdiction over this case, we vacate the district court's judgment and remand with instructions to dismiss.
 
 BACKGROUND
 
 2
 Lincoln Memorial Park, Inc. ("Lincoln") hired Lawrence Harris to sell funeral service programs. Lincoln employees were generally covered by a benefit plan sponsored by Service Corporation International ("SCI"), Lincoln's parent corporation. The benefit plan was administered by Provident Life & Accident Insurance Company ("Provident"), but SCI would assist Provident in determining employee eligibility under the plan.
 
 
 3
 Carl Chadowski ("Chadowski"), Lincoln's manager and sales director, told the Harrises that they and their dependents were covered under Lincoln's medical insurance plan as of the date of Lawrence Harris' first sale. "Chadowski made these representations 1) with the knowledge that they were false or with reckless or negligent disregard for the truth; and 2) with the intent that [the Harrises] would rely upon them." Harris, 776 F.Supp. at 1452.
 
 
 4
 Lawrence Harris made his first sale on October 9, 1989. Shortly thereafter, on October 30, the Harrises sought medical coverage for their alcoholic son who needed either inpatient or outpatient treatment, inpatient treatment being more expensive. At that time, Chadowski again told the Harrises that they were covered under Lincoln's health plan.
 
 
 5
 To assure coverage, the Harrises called Provident. Although Provident could not find the Harrises in their system, Provident told the Harrises that they were covered up to $25,000 if Lincoln confirmed that they were eligible for benefits. Believing coverage existed, the Harrises obtained inpatient treatment for their son and incurred costs of $13,208.65. Thereafter, Provident refused to reimburse the Harrises because, under the benefit plan, coverage did not start until December 1, 1990.
 
 
 6
 The Harrises filed suit in state court against Lincoln and Provident, alleging state law claims of misrepresentation and breach of contract. Lincoln and Provident removed the case to federal court pursuant to 28 U.S.C. Sec. 1441, contending that ERISA preempted the Harrises' claims.[1] The Harrises did not object to removal.
 
 
 7
 Subsequently, Lincoln and Provident argued that the Harrises failed to state a claim under ERISA and moved for judgment on this defense. Before the district court ruled on the motion, the Harrises filed an amended complaint adding Chadowski and SCI as defendants and alleging an additional claim of breach of fiduciary duty under ERISA against Lincoln, Provident, Chadowski, and SCI (collectively the "defendants"). The district court thereafter granted judgment in favor of the defendants. The Harrises timely appeal.
 
 STANDARD OF REVIEW
 
 8
 Removal is a question of federal subject matter jurisdiction reviewed de novo. Gould v. Mutual Life Ins. Co., 790 F.2d 769, 771 (9th Cir.), cert. denied, 479 U.S. 987, 107 S.Ct. 580, 93 L.Ed.2d 582 (1986). "The burden of establishing federal jurisdiction falls on the party invoking removal." Id. (quotations and citations omitted).
 
 DISCUSSION
 
 9
 Although no objection was made to removal, we must still address whether federal jurisdiction exists. FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 229, 110 S.Ct. 596, 607, 107 L.Ed.2d 603 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); Freeman v. Jacques Orthopaedic & Joint Implant Surgery Medical Group, 721 F.2d 654, 655 (9th Cir.1983) ("it is this court's duty to see to it that the District Court's jurisdiction, defined and limited by statute, is not exceeded"); Washington Local Lodge No. 104 v. International Bhd. of Boilermakers, 621 F.2d 1032, 1033 (9th Cir.1980) ("When jurisdiction may not exist, however, the court must raise the issue even if the parties are willing to stipulate to federal jurisdiction.").
 
 
 10
 In determining the existence of removal jurisdiction, we ordinarily look to the complaint as originally filed, and not as amended. O'Halloran v. University of Washington, 856 F.2d 1375, 1379 (9th Cir.1988). However, the rule is different if a litigant does not object to removal, or objects but fails to apply for an interlocutory appeal to preserve an attack on removal jurisdiction. Sorosky v. Burroughs Corp., 826 F.2d 794, 798-99 (9th Cir.1987). In such a case, the threshold issue is "whether the federal district court would have had original jurisdiction of the case" at final judgment. Grubbs v. General Elec. Credit Corp., 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972).[2] According to Grubbs,
 
 
 11
 a judgment of a district court may be upheld, even though there was no right to removal, if (1) the case is tried on the merits; and (2) the federal court would have had jurisdiction had the case been filed in federal court in the posture it had at the time of the entry of final judgment.
 
 
 12
 Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir.1979) (emphasis added) (citing Grubbs ); accord O'Halloran, 856 F.2d at 1379 n. 2; Gould, 790 F.2d at 773; Lewis v. Time, Inc., 710 F.2d 549, 552 (9th Cir.1983).
 
 
 13
 Because the district court entered judgment without objection to removal, we must decide whether the district court had jurisdiction over the action when summary judgment was entered. In that posture, the operative pleading was the second amended complaint, which alleged: (1) a breach of fiduciary duty under ERISA; (2) misrepresentation against Chadowski and Lincoln under Oregon law; (3) misrepresentation against Provident under Oregon law; (4) breach of contract against all defendants under Oregon law.
 
 
 14
 Under ERISA's civil enforcement provision, a civil action may be brought by a plan participant, beneficiary, fiduciary, or by the Secretary of Labor. 29 U.S.C. Sec. 1132(a). Accordingly, the Supreme Court has held that a federal court has no jurisdiction to hear a civil action under ERISA that is brought by a person who is not a "participant, beneficiary, or fiduciary." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27, 103 S.Ct. 2841, 2855, 77 L.Ed.2d 420 (1983). We reached a similar conclusion in Freeman v. Jacques Orthopaedic & Joint Implant Surgery Medical Group, 721 F.2d 654, 656 (9th Cir.1983). There we held that ERISA jurisdiction did not extend to the claim of a former employee who was not a plan participant in an employee benefit plan:
 
 
 15
 The fastest way out of this jurisdictional conundrum is to analyze what is at the root of Freeman's claim, namely fraud. The very thrust of Freeman's claim is that he did not participate in the plan because he was misled as to the cost of participation. Yet, for whatever the reason, he did not participate. At most, this court, or any court for that matter, could award Freeman the damages caused by the alleged fraud. This is different from awarding him a "benefit under the plan." If it were not, then any plaintiff who could argue a colorable claim would be a participant, since a victorious law suit would award them a "benefit." We do not believe that Congress intended to open the door to this kind of plaintiff when ERISA's jurisdictional provisions were drafted.
 
 
 16
 Id. at 656. See also Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1265 (9th Cir.1992) (holding that "[n]o one except plan participants, beneficiaries, fiduciaries, and the Secretary of Labor is expressly authorized by Sec. 1132(a) to bring claims in federal court"). Thus, if the Harrises are not plan participants, we have no jurisdiction to hear their ERISA claim.
 
 
 17
 The Harrises argue that Lawrence Harris is a plan participant because at the time of actual employment he reasonably expected to become a participant as defined under the ERISA plan. Whether a person is a plan participant must be decided as of the time of the filing of the lawsuit. See Olson v. General Dynamics Corp., 960 F.2d 1418, 1422 (9th Cir.1991) (holding that participant status determined at the time of filing the suit), cert. denied, --- U.S. ----, 112 S.Ct. 2968, 119 L.Ed.2d 588 (1992); Nishimoto v. Federman-Bachrach & Associates, 903 F.2d 709, 714 (9th Cir.1990). At the time of filing suit, Lawrence Harris was a former employee of Lincoln. A former employee is a plan participant only if he has "a reasonable expectation of returning to covered employment or [has] a colorable claim to vested benefits." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 117, 109 S.Ct. 948, 958, 103 L.Ed.2d 80 (1989) (internal quotations omitted). The Harrises have not established that Lawrence Harris has either. As such, Lawrence Harris is not a plan participant and therefore we have no jurisdiction to hear the Harrises' ERISA claim for breach of fiduciary duty. See, e.g. Nishimoto, 903 F.2d at 714 (holding that if plaintiffs were not participants, they would not have stated a federal claim); Freeman, 721 F.2d at 656.
 
 
 18
 We similarly hold that the Harrises' remaining state law claims do not arise under the Constitution, laws, or treaties of the United States. See 28 U.S.C. Sec. 1331. Ordinarily, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); accord Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393 (9th Cir.1988). However, the Supreme Court has recognized an "independent corollary" to the well-pleaded complaint rule known as the "complete pre-emption" doctrine. Caterpillar, 482 U.S. at 393, 107 S.Ct. at 2430. That is, "[o]n occasion, ... the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' " Id. (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987)). Thus, "if a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." Franchise Tax Bd., 463 U.S. at 24, 103 S.Ct. at 2854.
 
 
 19
 However, "ERISA pre-emption, without more, does not convert a state claim into an action arising under federal law." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987) (citing Franchise Tax Bd., 463 U.S. at 25-27, 103 S.Ct. at 2854-55).
 
 
 20
 ERISA carefully enumerates the parties entitled to seek relief under [ERISA's civil enforcement provision, 29 U.S.C. Sec. 1132(a) ]; it does not provide anyone other than participants, beneficiaries, or fiduciaries with an express cause of action for a declaratory judgment on the issues in this case. A suit for similar relief by some other party does not "arise under" that provision.
 
 
 21
 Franchise Tax Bd., 463 U.S. at 27, 103 S.Ct. at 2855 (footnote omitted). Cf. Metropolitan Life Ins. Co., 481 U.S. at 66-67, 107 S.Ct. at 1548 (holding that there is complete preemption if there is ERISA preemption and the cause of action is within the scope of Sec. 1132(a)). Indeed, "it would be contradictory to rule that state law claims are preempted where the court has already held that the same plaintiffs may not assert a claim under ERISA because they are not 'participants' in the ERISA plan." Deller v. Portland Gen. Elec. Co., 734 F.Supp. 916, 918 (D.Or.1990). "Unlike the Chesire [sic] Cat, one cannot have the smile of preemption without the stripes of participation." Baird v. CSX Corp., 704 F.Supp. 100, 103 (W.D.Va.1989). Accordingly, because the Harrises are not plan participants, beneficiaries, or fiduciaries, their remaining state claims are not within the scope of Sec. 1132(a) and therefore not completely preempted.
 
 
 22
 Finally, pendent jurisdiction is unavailable because a district court has no discretion to retain state law claims when the sole federal claim is dismissed for lack of jurisdiction. According to United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), pendent jurisdiction is appropriate whenever there is a federal claim of "substance sufficient to confer subject matter jurisdiction." Here, there is no federal claim, and "[w]ithout a federal claim upon which to append the related state cause of action, the federal court has no basis for asserting jurisdiction" over the Harrises' remaining state law claims. Aragon v. Federated Dept. Stores, Inc., 750 F.2d 1447, 1458 (9th Cir.), cert. denied, 474 U.S. 902, 106 S.Ct. 229, 88 L.Ed.2d 229 (1985).
 
 CONCLUSION
 
 23
 There being no ERISA, general federal question, or diversity jurisdiction, we conclude that the district court lacked jurisdiction over this case.[3] Accordingly, we vacate the district court's judgment and remand with instructions to dismiss for want of subject matter jurisdiction.
 
 
 24
 VACATED and REMANDED.
 
 
 
 [1]
 Section 1441, provides in part:
 (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending....
 (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
 
 
 [2]
 The Grubbs rule applies when, as in the present case, the merits are reached and determined on a motion for summary judgment. Sorosky v. Burroughs Corp., 826 F.2d 794, 798 (9th Cir.1987); Stone v. Stone, 632 F.2d 740, 742 (9th Cir.1980), cert. denied, 453 U.S. 922, 101 S.Ct. 3158, 69 L.Ed.2d 1004 (1981)
 
 
 [3]
 Because the district court did not have subject matter jurisdiction, we do not reach the question of whether the Harrises named a fiduciary under ERISA. We also need not address the Harrises' equitable estoppel claim