46 F.3d 1144
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David C. ROBERTS, Sri, Plaintiff-Appellant,
v.
MOTION PICTURE PENSION PLAN; Blankenship Administrator,
Defendants-Appellees.
 No. 94-55587.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 25, 1995.*
Decided: Feb. 1, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sri David C. Roberts appeals pro se the district court's summary judgment in favor of the Motion Picture Industry Pension Plan and plan administrator Harley Blankenship (collectively the "Pension Plan") in Roberts's action in which he alleged that the Pension Plan had improperly converted his pension benefits when it honored an Internal Revenue Service ("IRS") levy against Roberts's pension benefits. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 Roberts, a self described sovereign white citizen of the Republic of California, brought an action in California state court against the Pension Plan alleging that it had converted his pension benefits when it honored an IRS levy against his pension benefits. The Pension Plan removed the case to district court under ERISA, 29 U.S.C. Sec. 1144(a), because it "related to" an "employee benefit plan" covered by ERISA. The Pension Plan moved for summary judgment on the grounds that they were immune from suit pursuant to 26 U.S.C. Sec. 6332(e).[1] The Pension Plan also sought sanctions against Roberts for filing a frivolous appeal pursuant to Fed. R. Civ. P. 11.
 
 
 5
 On March 28, 1994, the district court granted the Pension Plan's motion for summary judgment and imposed Rule 11 sanctions in the amount of $500. Roberts timely appeals.
 
 II
 Merits
 A. Removal of Action to Federal Court
 
 6
 On appeal, Roberts contends that removal was improper and that the district court erred by not remanding the case to state court. This contention lacks merit.
 
 
 7
 Removal is a question of federal subject-matter jurisdiction reviewed de novo. Harris v. Provident Life & Acc. Ins., Co., 26 F.3d 930, 932 (9th Cir. 1994). "The burden of establishing federal jurisdiction falls on the party invoking removal." Id. (quotations omitted).
 
 
 8
 Removal is governed by 28 U.S.C. Sec. 1441. Under this section, a defendant may remove a state court suit to federal court only if the suit could have been brought there originally. See 28 U.S.C. Sec. 1441(a)-(b); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).
 
 
 9
 Federal question jurisdiction exists over actions "arising under" federal law. 28 U.S.C. Sec. 1331. Whether an action arises under federal law is governed by the well-plead complaint rule. Caterpillar, 482 U.S. at 392. Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of [the plaintiff's complaint]." Id. A federal defense, including the defense of preemption, may not form the basis of federal jurisdiction, "even if both parties concede that the federal defense is the only question truly at issue." Id. at 393.
 
 
 10
 The complete preemption doctrine, however, provides an exception to the well-pleaded complaint rule. Id. Under this doctrine, "the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Id. (quotations omitted); Harris, 26 F.3d at 932; Stikes v. Chevron USA, Inc., 914 F.2d 1265, 167 (9th Cir. 1990), cert. denied, 111 S. Ct. 2015 (1991).
 
 
 11
 With few exceptions, ERISA preempts all state actions filed by plan participants which "relate to" an employee benefit plan covered by ERISA. See 29 U.S.C. Sec. 1132; Metropolitan Life Ins. v. Taylor, 481 U.S. 58, 64-66 (1987); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 44-47 (1987); Harris, 26 F.3d at 932. "A law 'relates to' an employee benefit plan ... if it has a connection with or reference to such a plan." Shaw v. Delta Airlines, 463 U.S. 85, 96-97 (1983). "Congress used the words 'relate to' in [ERISA] in their broad sense." Id. at 98.
 
 
 12
 Here, Roberts's state-law conversion action sought to establish his rights to certain benefits, which were due under the terms of an employee benefits plana and were allegedly converted by the Pension Plan when it honored the IRS's levy. Given these circumstances, removal was proper. See Metropolitan Life, 481 U.S. at 64-66; Harris, 26 F.3d at 932.
 
 
 13
 B. Immunity Under Section 6332(e) and Rule 11.
 
 
 14
 On appeal, Roberts does not challenge the district court's determination that the Pension Plan was immune from suit pursuant to 26 U.S.C. Sec. 6332(e) or the court's imposition of Rule 11 sanctions in the amount of $500. Accordingly, we affirm the district court's order as to these issues. See Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir. 1990) (issue not raised in opening brief deemed waived); Wilcox v. Commissioner, 848 F.2d 1007, 1008 n.2 (9th Cir. 1998) ("[a]rguments not addressed in brief are deemed abandoned").[2]
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Roberts's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Section 6332(e) provides, in part, that "[a]ny person in possession of ... property subject to [IRS] levy ... [who] surrenders such property ... shall be discharged from any obligation or liability to the delinquent tax payer ... arising from such surrender or payment." 26 U.S.C. Sec. 6332(e)
 
 
 [2]
 On appeal, the Pension Plan requests sanctions against Roberts for bringing this appeal. We have discretion to impose sanctions against litigants, even if pro se, for bringing a frivolous appeal. Fed. R. App. P. 38; 28 U.S.C. Sec. 1912; Wilcox, 848 F.2d at 1008-09 ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Wilcox, 848 F.2d at 1009 (citation omitted)
 Roberts's claim that removal was improper is without merit. Nevertheless, because of the complexity of removal and because Roberts did not advance any wholly frivolous claim as to the merits of the district court's decision, we decline to impose sanctions.