124 F.3d 211
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Allen T. GREEN, Plaintiff-Appellant,
v.
HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY; The
Hartford Steam Boiler Inspection and Insurance
Company Employees' Retirement Plan,
Defendants-Appellees.
 No. 96-16741.
 United States Court of Appeals, Ninth Circuit.
 Submitted** September 17, 1997
Sept. 19, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, D.C. No. CV-95-01321-EJG(PAN); Edward J. Garcia, District Judge, Presiding.
 BEFORE: ALDISERT***, CHOY and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Allen T. Green appeals from the district court's grant of summary judgment in favor of the Hartford Steam Boiler Inspection and Insurance Company ("HSB") and The Hartford Steam Boiler Inspection and Insurance Company Employees Retirement Plan ("the Plan"). Green brought an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. seeking retirement benefits from the Plan. We conclude that the district court lacked jurisdiction over Green's complaint because Green was not a participant in the Plan. We vacate the judgment and remand with instructions to dismiss.
 
 
 3
 From 1972 through March of 1988, Green was president and CEO of a company called Acoustic Emission Technology Company ("Acoustic"). In 1988, Acoustic became an affiliate of HSB, and Acoustic was renamed Hartford Steam Boiler Inspection Technologies ("HSBIT"). Green never worked for HSB directly, but was an officer of HSBIT. His employment ended in 1991 when HSB sold the assets of HSBIT to another entity. Green then filed a claim for benefits under HSB's retirement benefits plan. After the Plan denied his claim, he brought suit against HSB and the Plan in state court. The Defendants removed to federal court pursuant to 28 U.S.C. § 1441, on the grounds that ERISA preempted Green's claims. Green did not object to removal. The district court granted summary judgment in favor of HSB and the Plan and Green timely appeals.
 
 
 4
 Removal is a question of federal subject matter jurisdiction reviewed de novo. Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930, 932 (9th Cir.1994). Although Green did not object to removal, we must still address whether federal jurisdiction exists. Id. "[A] federal court has no jurisdiction to hear a civil action under ERISA that is brought by a person who is not a 'participant, beneficiary, or fiduciary.' " Id. at 933 (quoting Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27 (1983)).
 
 
 5
 The question for decision is whether Green was a participant in the Plan. To resolve this issue, we must look to the language of the Plan. We accept Green's argument that the 1985 version of the Plan is the relevant document; we will not consider the 1994 amendments that were issued three years after Green's termination. The 1985 Plan provides:
 
 
 6
 1.17 "Employee " shall mean any person on the payroll of an Employer or an Affiliate.
 
 
 7
 1.18 "Employer " shall mean the Company [HSB] and any Affiliate of the Company that, with the approval of the Board of Directors, has adopted this Plan as a participant herein.
 
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 1.24 "Participant " shall mean any Employee described in paragraph 2.01.
 
 
 11
 * * *
 
 
 12
 * * *
 
 
 13
 2.01 Participation.
 
 
 14
 All Employees shall become Participants on the date of employment....
 
 
 15
 CR 26, Exhibit A.
 
 
 16
 Green concedes that, under the terms of the Plan, an affiliate of HSB (such as HSBIT) must adopt the Plan with the approval of HSB's board of directors before the affiliate's employees can participate in the Plan. Appellant's Br. at 29. Notwithstanding the uncontroverted evidence that neither HSB's nor HSBIT's directors ever voted to approve or adopt the Plan, Green maintains that the Plan was in fact approved by HSBIT and adopted by HSB. He argues that the language of the Plan is ambiguous because it does not explicitly require a vote for approval or adoption. He contends that before HSB acquired HSBIT, HSB promised that HSBIT's employees would be covered. Green argues that in light of this promise, both corporations approved the participation of HSBIT's employees in the Plan when the corporations agreed to go through with the acquisition. Finally, he argues that HSB should be estopped from denying coverage because after the acquisition both corporations told HSBIT's employees that they were covered by the Plan.
 
 
 17
 We find no ambiguity in the language of the Plan. The only reasonable reading of the phrase "with the approval of the Board of Directors" is that an actual vote by the board of directors of HSB is required. Because the board of directors of HSB never approved HSBIT's participation in the Plan, Green never became a participant. Accordingly, the district court had no subject matter jurisdiction over Green's complaint. See Harris, 26 F.3d at 933. In light of our conclusion that the district court did not have jurisdiction, we do not reach Green's claim of equitable estoppel. See id. at 934 n. 3.
 
 
 18
 We have considered all arguments advanced by the parties and have concluded that no further discussion is necessary. We vacate the district court's judgment and remand with instructions to dismiss for want of subject matter jurisdiction.
 
 
 19
 VACATED and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R.App. P. 34(a) and Ninth Cir. R. 34-4
 
 
 **
 * Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3