Jim LEO, Plaintiff,

v.

LAIDLAW, INC. and American Medical Response, Inc., Defendants.

No. 98 C 7012.

United States District Court,
N.D. Illinois,
Eastern Division.

March 4, 1999.

Robert D. Banzuly, Chicago, for Plaintiff.

Thomas F. Ging, Hinshaw & Culbertson, Chicago, IL, Marjorie H. Gordon, Dena B. Turco, Obermayer Rebmann Maxwell & Hippell LLP, of Counsel, Philadelphia, PA, for Defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendants Laidlaw, Inc. and American Medical Response, Inc.'s motion to dismiss plaintiff Jim Leo's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the court grants defendants' motion to dismiss.

### I. BACKGROUND

The complaint alleges the following facts which, for the purpose of ruling on defendants' motion to dismiss, are taken as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

Defendants Laidlaw, Inc. and American Medical Response, Inc. are related corporations. Before December 1, 1996, defendants established a Group Health Care Coverage Plan ("the Plan") for their employees. Defendants were the administrators of the Plan. Defendants contracted with Aetna Life Insurance Co. ("Aetna") to be an agent for defendants as the Plan's administrators.

Before December 14, 1996, plaintiff Jim Leo ("Leo") was an employee of defendant and was entitled to coverage under the Plan. On December 14, 1996, Leo resigned as an employee. After he resigned, Leo was entitled to continued coverage under the Plan pursuant to the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), which is a part of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

On or before December 31, 1996, defendants delivered Leo a written notice ("the notice") that incorrectly informed him that by complying with the applicant requirements set forth in the notice, Leo's rights to healthcare benefits under the Plan would continue with Chicago HMO. Defendants enclosed a form with the notice that Leo was to fill out and mail back if he elected to continue coverage. On December 31, 1996, Leo filled out the applicant section of the form and signed it. Shortly after doing so, he mailed the form and the fee for the initial monthly premium to Aetna as he was directed to do by defendants. Aetna received the form before the due date. Since the time that he had elected to continue coverage, Leo made timely payments of his required premium payment to Aetna.

Approximately mid-February of 1997, Aetna sent Leo an identification card for his elected dental coverage but not an identification card for his elected medical coverage. This made Leo suspect that the notice that defendants had sent him was inaccurate. Approximately mid-March of 1997 and many times thereafter, Leo made written and oral requests that Aetna pro-

vide accurate notice of his COBRA rights to medical coverage. Aetna repeatedly notified Leo that he did not have any COBRA rights to medical coverage. Beginning in June of 1997, Leo also made many written and oral requests that defendants provide him accurate notice of his COBRA rights to medial coverage. Defendants told Leo that they did not know what his rights to medical coverage were.

On February 12, 1998, Aetna sent Leo a COBRA notice which incorrectly notified him that he had medical coverage with Chicago HMO. On March 12, 1998, Aetna notified Leo that he had no medical coverage. On June 25, 1998, Aetna notified Leo that he did have medical coverage with Aetna U.S. Healthcare and not his elected Chicago HMO.

As a result of the above, Leo was deprived of knowledge of his medical insurance rights for the full term of its existence. In addition, Leo had to hire an attorney to investigate and advise him of his rights to represent him in pursuit of his rights.

On November 2, 1998, Leo filed suit against defendants in this court for violation of his COBRA rights. This court has subject matter jurisdiction over the case pursuant to 29 U.S.C. § 1132(e). In his complaint, Leo requests the following relief: (1) a refund of the premiums that he paid; (2) $110 per day for defendants "failure to notify him of his Cobra medical insurance rights for 541 days"; (3) costs, disbursements, and reasonable attorney's fees; and (4) any other relief that this court deems appropriate.

On January 4, 1999, defendants filed a motion to dismiss, arguing that (1) Leo does not have standing to sue under ERISA and (2) Leo's allegations fail to state a claim under ERISA. The court addresses defendants' motion below.

## II. *DISCUSSION*

### A. *Standard for deciding a Rule 12(b)(6) motion to dismiss*

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Cromley v. Board of Educ. of Lockport,* 699 F.Supp. 1283, 1285 (N.D.Ill.1988). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *See* FED.R.CIV.P. 12(b)(6); *Gomez v. Illinois State Bd. of Educ.,* 811 F.2d 1030, 1039 (7th Cir.1987). However, the court may dismiss the complaint only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Even under the liberal notice pleading standard of the Federal Rules of Civil Procedure, however, a complaint must include either direct or inferential allegations respecting all material elements of the claims asserted. *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir.1991).

### B. *Leo's standing to sue under ERISA*

Leo's ERISA claim against defendants is for alleged violations of the COBRA notice requirements, which are codified at 29 U.S.C. § 1166. Leo's suit is brought pursuant to § 1132(a)(1)(A) and § 1132(c) of ERISA, which are the sections that permit a suit to be brought against an administrator for failure to comply with § 1166. Defendants argue that the court should dismiss Leo's complaint because he lacks standing to sue under ERISA. Leo does not directly argue that he has standing to sue under ERISA. Rather, Leo argues that (1) he was a "participant/beneficiary" at the time of the alleged violations; (2) there is no statute or case that states that "a claim that is based upon an alleged COBRA notice violations is barred if it is not brought within the 18 month COBRA period"; and (3) the cases on which defendants rely in support of their position are factually distinguishable.

Sections 1132(a)(1)(A) and 1132(c) of ERISA empower only "participants" and "beneficiaries" to bring a civil action against an administrator who fails to meet the requirements of 29 U.S.C. § 1166. 29 U.S.C. § 1132(a)(1)(A), 1132(c). Thus, Leo must be either a participant or a beneficiary in order to bring an ERISA claim against defendants. *See Winchester v. Pension Committee of Michael Reese Health Plan*, 942 F.2d 1190, 1193 (7th Cir.1991) (explaining that the plaintiff must be a "participant" to sue for damages under § 1132(c)).

The first issue is whether Leo is a participant. A participant is statutorily defined as "any employee or former employee ... who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). This definition includes "employees in, or reasonably expected to be in, currently covered employment, or former employees who ... have a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). In order to establish that he "may become eligible" for benefits, a plaintiff "must have a colorable claim that (1) he ... will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future." *Id.* Thus, "a former employee who has neither a reasonable expectation of returning to covered employment nor a colorable claim to vested benefits ... simply does not fit within the phrase 'may become eligible.'" *Id.*

In this case, Leo is no longer an employee of defendants; thus, he does not fall within the statutory provision for suits by "current employees." Further, there is no allegation that he expects, reasonably or otherwise, to be employed by defendants in the future. Therefore, in order to qualify as a participant, Leo must have a "colorable claim to vested benefits."

The requirement of a "colorable claim" means only that the plaintiff must have "an arguable claim" and not that the plaintiff must be able to succeed on that claim. *Panaras v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786, 790 (7th Cir.1996). The requirement that the claim be "to vested benefits" means that the former employee must have a colorable claim "to benefits which the employer promised to provide pursuant to the employment relationship and which a non-frivolous argument suggests have accrued to employee's benefit." *Id.*

Defendants argue that Leo has made no claim for benefits at all. Leo makes no attempt to refute that argument. The court agrees with defendants. Leo is not seeking benefits from the Plan. He does not allege that he is currently entitled to any medical benefits under the Plan, and he does not allege that he was ever denied medical treatment, that he ever forewent medical treatment, or that his medical bills have not been paid. From the complaint, it is clear that what Leo is seeking is damages under the penalty provision of § 1132(c). *See Winchester*, 942 F.2d at 1193. Accordingly, Leo is not a former employee who has a colorable claim to vested benefits and, thus, is not a participant.

Because the complaint fails to allege that Leo was a "participant" when suit was filed, Leo only has standing to bring the ERISA claim if the complaint sufficiently alleges that Leo was a "beneficiary" at the time suit was filed. A "beneficiary" is a "person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

In this case, the complaint does not allege that Leo was a "beneficiary" under the Plan and Leo has made no argument in his brief as to how he could qualify as such. As explained above, Leo does not claim that he is or may become entitled to a benefit under the Plan. Rather, Leo only has made a claim for damages. Accordingly, the court finds that the complaint

fails to allege that Leo was a beneficiary at the time that suit was filed.

Leo seems to argue in his response that he has standing to bring the ERISA claim because the alleged violations were committed while he was a "participant/beneficiary." (Pl.'s Resp. at 1.) However, in order to bring an ERISA claim, the plaintiff must be a participant or beneficiary at the time that the suit was filed and not just when the alleged violation was committed. *Winchester,* 942 F.2d at 1194; *see also Harris v. Provident Life & Accident Ins. Co.,* 26 F.3d 930, 933 (9th Cir.1994). As previously explained, Leo's complaint fails to allege that Leo was either a participant or a beneficiary at the time that the suit was filed.

Leo also states in his response that "[d]efendants have asked this Court to rule that Plaintiff has lost his standing to sue because he failed to sue within said 18 month Cobra period." (Pl.'s Resp. at 1.) Leo then argues that his complaint should not be dismissed because "[n]either the statute ... nor the authority cited by the Defendants in the Memorandum of Law ... state that a claim that is based upon alleged COBRA notice violations is barred if it is not brought within the 18 month COBRA." (*Id.* at 2.) Leo is correct that there is no requirement that an ERISA claim that is based on alleged violations of the COBRA notice provisions must brought within an eighteen-month period. However, there is a requirement that the plaintiff must qualify as either a participant or beneficiary at the time that the suit was filed. 29 U.S.C. § 1132(a)(1)(A), 1132(c). This Leo fails to do.

In essence, Leo's arguments seem to boil down to one main argument: It is unfair to find that Leo does not have standing to sue under ERISA simply because he did not bring suit until after he was no longer due any benefits. The court rejects this argument for two main rea-

sons. First, the purpose of § 1132(c), which is the section under which suit is brought, is not so much to penalize as it is to induce plan administrators to comply with the notice requirements. *See Winchester,* 942 F.2d at 1193. If the administrator does not comply, the participant or beneficiary may file a suit to compel their compliance. *Id.* The administrator then will supply the information in an effort to minimize potential liability. *Id.* The manner in which Leo has attempted to use § 1132(c), i.e., as a penalty provision, does not further the purpose of § 1132(c). Second, the Seventh Circuit has explicitly rejected the argument that standing under § 1132(c) cannot be extinguished by acceptance of benefits. *Id.*

In sum, the allegations in Leo's complaint fail to establish that he was either a participant or a beneficiary at the time that this suit was filed.[1] Thus, the court finds that Leo does not have standing to bring an ERISA claim against defendants. However, it is possible that Leo may be able to include allegations which would allow this court to find that Leo was a participant or a beneficiary at the time that suit was filed. It is also possible that Leo may be able to pursue a claim against defendants in state court based on a state law cause of action if Leo is unable to satisfy ERISA's standing requirement. Thus, the court will dismiss Leo's complaint without prejudice and grant him leave to amend the complaint.

### III. CONCLUSION

For the foregoing reasons, the court grants defendants' motion to dismiss and dismisses Leo's complaint without prejudice. Leo is given until April 5, 1999 to file an amended complaint. If Leo fails to file an amended complaint by that date, the court will dismiss his ERISA claim with prejudice and dismiss his case against

---

1. Because the court has decided that Leo's complaint fails to allege that he has standing to bring an ERISA claim, the court need not address whether Leo's complaint sufficiently alleges an ERISA cause of action.

defendants without prejudice to his right to file an action in state court. If Leo does file an amended complaint by April 5, 1999, defendants are given until May 10, 1999 to answer or otherwise plead.