Mary Ann **CURRY**, Individually, on behalf of themselves and on behalf of all persons similarly situated, and on behalf of the general public; Milo Klashner, individually, on behalf of themselves and on behalf of all persons similarly situated, and on behalf of the general public; Susan Swanson,

individually, on behalf of themselves, and on behalf of all persons similarly situated, and on behalf of the general public, Plaintiffs—Appellants,

v.

CTB **MCGRAW–HILL, LLC;** McGraw-Hill Companies, Inc., Defendants—Appellees.

No. 06–15397.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2007.

Filed Oct. 9, 2008.

Reinhardt, Circuit Judge, filed dissenting opinion.

Jonathan E. Gertler, Chavez & Gertler LLP, Mill Valley, CA, David R. Markham, Clark & Markham, LLP, San Diego, CA, for Plaintiffs–Appellants.

Alan B. Carlson, Littler Mendelson, PC, Walnut Creek, CA, Nancy L. Ober, Littler Mendelson, PC, San Francisco, CA, for Defendants–Appellees.

Before: D.W. NELSON, REINHARDT, and BEA, Circuit Judges.

## MEMORANDUM *

Plaintiffs seek benefits under the Employee Retirement Income Security Act ("ERISA") and state law. The district court granted Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). We affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## I. Plaintiffs' claims under ERISA

"[A] federal court has no jurisdiction to hear a civil action under ERISA that is brought by a person who is not a 'participant, beneficiary, or fiduciary.'" *Harris v. Provident Life & Accident Ins. Co.*, 26 F.3d 930, 933 (9th Cir.1994). Contrary to Plaintiffs' assertions, we have not held that all common law employees are entitled to benefits under ERISA, 29 U.S.C. §§ 1001–1461. Instead, we look to the terms of the plans at issue to determine who is entitled to coverage. *See, e.g., Burrey v. Pac. Gas & Elec. Co.*, 159 F.3d 388, 392–96 (9th Cir.1998); *Vizcaino v. Microsoft Corp.*, 120 F.3d 1006, 1013–14 (9th Cir.1997) (en banc), *cert. denied*, 522 U.S. 1098, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998) ("*Vizcaino II* ").

### A. Retirement Plans

■ We affirm the district court's decision that Plaintiffs were not eligible to participate in the retirement plans. The retirement plans restrict enrollment to those "whom the Employer treats as subject to federal wage withholding by the Employer for purposes of Section 3401." In the complaint, Plaintiffs admit that they were on the payroll of Kelly Services and not paid by McGraw–Hill directly. These admissions are binding. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir.1988). Because Plaintiffs were on the payroll of Kelly Services, Plaintiffs were not subject to federal wage withholding by McGraw–Hill. Thus we affirm the district court as to the retirement plans.

### B. Health, Welfare, and Cafeteria Plans

■ The health and welfare plans restrict eligibility to employees "on the U.S.

payroll of the company." As this court persuasively reasoned in *Vizcaino v. Microsoft Corp.*, employees "on the United States payroll of the employer" are those "paid from its United States accounts." 97 F.3d 1187, 1194 (9th Cir.1996) ("*Vizcaino I*"), *opinion withdrawn by* 105 F.3d 1334 (9th Cir.1997). By Plaintiffs' own admissions, they were payrolled by a third party agency and not paid directly from McGraw–Hill's United States accounts. We affirm the district court's finding that Plaintiffs were not eligible for the health, welfare, and cafeteria plans because Plaintiffs were not on the U.S. payroll of the company.

## II. Preemption

"ERISA does not preempt the claims of parties who do not have the right to sue under ERISA because they are neither participants in nor beneficiaries of an ERISA plan." *Miller v. Rite Aid Corp.*, 504 F.3d 1102, 1106 (9th Cir.2007). However, the district court's jurisdiction over the state law claims was dependent on the ERISA claims, which the court did not have jurisdiction to consider. Thus, we affirm the dismissal of Plaintiffs' state law claims because the district court lacked federal subject matter jurisdiction. We vacate the district court's order dismissing Plaintiffs' state law claims with instructions that the district court modify its order to dismiss those claims without prejudice.

**AFFIRMED. JUDGMENT VACATED FOR MODIFICATION.**

REINHARDT, Circuit Judge, dissenting.

The majority holds that we have no jurisdiction to hear Plaintiffs' ERISA claims based on "admissions" in the complaint that they were payrolled through a third party agency used by Defendants. The statements in the complaint on which the majority relies are at least ambiguous. They do not make clear, for purposes of determining eligibility for participation in the retirement plan, whether Defendants treated Plaintiffs "as subject to federal wage withholding by the Employer for purposes of Section 3401 of the Internal Revenue Code." Nor do they state whether Defendants actually withheld Plaintiffs' wages, or did so in practical effect, or whether they played no part in such withholding. In fact, the complaint is silent on the subject of withholding.

The complaint also does not make clear whether Plaintiffs were "on the U.S. payroll of the Company" for the purposes of determining eligibility for participation in health and welfare plans. Plaintiffs alleged that although they were on a third party agency's payroll, Defendants "provided the compensation for the Class members." Plaintiffs may well have been "on the U.S. payroll" of McGraw–Hill, given *Vizcaino I's* definition of the phrase as "those persons who are on the list of, or are among the total number of, persons employed by [the employer] and paid from its United States accounts." 97 F.3d at 1194.

Although the district court was correct to dismiss these claims, Plaintiffs should have been granted leave to amend the complaint in order to clarify the ambiguities created by it. "[I]n a line of cases stretching back nearly 50 years, we have held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995)). *See also United*

*States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir.2001). In this case, it appears that it might not have been futile for Plaintiffs to amend the complaint. *See id.* I would therefore reverse the district court's dismissal with prejudice of the ERISA claims, and direct it to allow Plaintiffs to file an amended complaint.