66 F.3d 335
 Pens. Plan Guide P 23915N
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Raymond A. INFANTINO, Plaintiff-Appellant,
v.
TRANSAMERICA INSURANCE GROUP; Transamerica Insurance
Company; Fairmont Financial, Inc.; Fairmont
Insurance Company, Defendants-Appellees.
 No. 93-55879.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 9, 1995.
Decided Sept. 12, 1995.
 Before: CANBY and NOONAN, Circuit Judges, and KING,* District Judge.
 MEMORANDUM**
 Transamerica Insurance denied Raymond Infantino's claim for benefits under Transamerica's pension plan. Infantino consequently brought this action in federal court, asserting that he was entitled under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Sec. 1132, to benefits under Transamerica's plan. In the alternative, he asserted various state law claims for damages and specific performance of an agreement to include him in the pension plan. The district court granted summary judgment in favor of Transamerica on Infantino's ERISA claim, concluding that, because Infantino was not a "participant" in the plan, he lacked standing to sue for benefits under the plan. The district court also held that ERISA preempts Infantino's state law claims. Infantino now appeals both rulings. We affirm the district court's judgment that Infantino was not a "participant," but reverse the district court's preemption rulings.
 * BACKGROUND
 In 1984 Fairmont Financial, Inc., acquired Infantino's insurance business, Infantino and Company, and agreed to employ Infantino to manage the company as a subsidiary of Fairmont. Infantino and Fairmont entered into an employment agreement, part of which provides:
 [Infantino] shall have the right to participate in any bonus, profit sharing, stock options, retirement, group insurance, vacations, sick leave, medical or other benefit plan currently in effect or hereafter established by the Company for the benefit of the Prime Executive Level Class of employees for so long as any such plan is maintained in effect for the benefit of such class, with employee's participation or share therein being determined by the provisions or requirements of the respective plan.
 In August 1985, Fairmont's board of directors adopted a pension plan and named as participants eight high level executive employees, not including Infantino. Infantino alleges that he was entitled to be included in the plan and was in fact led to believe that he was so included.
 In 1987, Transamerica purchased Fairmont and assumed its liabilities under the plan. Infantino continued to work for Transamerica until 1991, when his employment was terminated. In 1992, Infantino asked Transamerica about his rights to retirement benefits under the plan. Transamerica informed Infantino that he was not designated as a participant in the plan and thus was not entitled to any benefits under it. Infantino then brought this action. His complaint seeks a declaration that he is a participant in the plan. As an alternative, he asserts various state law claims.
 Transamerica moved for summary judgment on all counts. The district court granted the motion, concluding that, because Infantino was not a "participant" in the plan, he lacked standing to bring an ERISA claim, and that his state law claims were preempted by ERISA.
 On appeal, Infantino argues that the district court erred in granting Transamerica's motion for summary judgment because he has a "colorable claim" to benefits and thus has standing to sue under ERISA. He also contends that his state law claims are not preempted.
 II
 STATUS AS AN ERISA PLAN PARTICIPANT
 We have jurisdiction over Infantino's ERISA claim only if Infantino has standing to bring an ERISA civil action. See Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 933 (9th Cir.1994). In order to have standing to bring an ERISA civil action, Infantino must be a "participant" of the plan. See id. (listing parties that may sue under ERISA civil enforcement provisions).[1] A former employee like Infantino must have "a reasonable expectation of returning to covered employment or a colorable claim to vested benefits" to qualify as a "plan participant." Id. (citation and bracketed word omitted). Whether Infantino is a "plan participant" is determined as of the time he files the lawsuit. Id.
 Infantino argues that the district court erred in ruling that he had no standing to bring his ERISA claim, because he is asserting a "colorable claim to vested benefits." According to Infantino, under the terms of his employment agreement he either is a participant or should have been designated a participant in the plan. Infantino urges that the district court must decide the standing issue on the basis of whether he is entitled to bring the claim that he is a participant before the court, and not on the merits of his claim. See Vartanian v. Monsanto Co., 14 F.3d 697, 701-02 (1st Cir.1994).
 Contrary to Infantino's assertion, he was not a participant in the plan. The district court held that the terms of the plan were clear, both from the language of the board resolutions establishing the plan and from the undisputed facts attending the founding of the plan. The plan expressly named the initial participants, and specified means for the board to name additional individual participants. It is undisputed that the board never designated Infantino as a participant. The district court further held that the plan did not specify a "class" of beneficiaries or participants; it provided only for named individuals to participate. The record supports the district court's conclusions.
 Infantino's contention that he has standing to assert an ERISA claim because he should have been included in the ERISA plan is foreclosed by our recent decisions in Curtis v. Nevada Bonding Corp., 53 F.3d 1023 (9th Cir.1995), and Harris, 26 F.3d at 932-33. In Curtis, the plaintiff was promised that he would be provided with health and life benefits soon after he began employment, but was not. Curtis, 53 F.3d at 1025. The employer normally provided benefits through its ERISA plan, but under the terms of the plan, a new employee did not become eligible to receive benefits until later than Curtis was promised. Id. Before Curtis became a participant in the plan, he was diagnosed as having a malignant tumor in his cervical spine. His employer then denied benefits and subsequently terminated his employment.
 We held that Curtis was not a participant in the plan, and thus lacked standing to assert any ERISA claims. Id. at 1029. Although Curtis was promised that he would be provided with medical benefits, he was never included in such a plan and never became eligible to receive benefits under the plan. Id. at 1028. In light of his lack of eligibility to participate in the plan, Curtis was not asserting a colorable claim to vested benefits. Id.
 Similarly in Harris, the plaintiffs were led to believe that they were covered by an ERISA plan, but in fact they were not so covered. Harris, 26 F.3d at 931. Even though the Harrises alleged that their employer misrepresented that they would be included in the plan, we held that they had failed to establish a colorable claim to vested benefits. Id. at 933.
 Infantino's claim is fatally similar to the ones made in Curtis and Harris. Even if Infantino's employment agreement entitled him to become a participant in Transamerica's ERISA plan, he was not in fact such a participant. Because he did not participate in the plan, Infantino was never eligible to receive any benefits under the plan, and never would be eligible to receive any benefits under the plan. He thus cannot now assert a colorable claim to any vested benefits under the plan. Establishing that one should have been included in a plan does not give one a "colorable claim to vested benefits" within the context of ERISA standing.[2] Cf. McLeod v. Oregon Lithoprint Inc., 46 F.3d 956, 958 (9th Cir.1995) (because former employee was eligible to apply for and receive benefits, employee had a colorable claim to benefits); Ruocco v. Bateman, 903 F.2d 1232, 1236 (9th Cir.) (former employee was making a colorable claim to vested benefits because he was "a former plan participant who contributed financially to the plan."), cert. denied, 498 U.S. 899 (1990).
 Infantino has no reasonable expectation of returning to covered employment, and has no colorable claim to benefits under the plan. Infantino is thus not a "plan participant" for purposes of ERISA and therefore lacks standing to assert an ERISA claim. See Curtis, 53 F.3d at 1027. Accordingly, we affirm the district court's summary judgment dismissing Infantino's ERISA claim.
 III
 PREEMPTION OF THE STATE-LAW CLAIMS
 The district court also concluded that ERISA preempts Infantino's state-law claims. ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. Sec. 1144(a); Serrato v. John Hancock Life Ins. Co., 31 F.3d 882, 884 (9th Cir.1994). ERISA preemption, however, depends upon Infantino's standing to enforce ERISA. See Curtis, 53 F.3d at 1027 ("[A] plaintiff's standing to enforce ERISA is a prerequisite to both subject matter jurisdiction and ERISA preemption...."). "[W]ithout standing to enforce ERISA, there can be no ERISA preemption." Id. Because Infantino lacks standing to assert the ERISA claims, his state law claims cannot be preempted. Id.; see also Concha v. London, --- F.3d ----, Nos. 93-55965, 93-55478, slip op. 10051, 10074 (9th Cir. Aug 15, 1995) ("If the plaintiff is not a participant ... then his state law claims fall outside ERISA's sphere and are not subject to preemption"); Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930 (9th Cir.1994) ("[I]t would be contradictory to rule that state law claims are preempted where the court has already held that the same plaintiffs may not assert a claim under ERISA because they are not 'participants' in the ERISA plan"). Consequently, the district court erred in ruling that ERISA preempted Infantino's state law claims.
 V
 CONCLUSION
 Infantino has made no showing that he is a participant in Transamerica's executive pension plan, or that he has a colorable claim to vested benefits thereunder. We therefore affirm the district court's summary judgment in favor of Transamerica on the ERISA claim. Because Infantino has no standing to enforce the ERISA claim, however, his state law claims are not preempted. We accordingly affirm in part, reverse in part, and remand for further proceedings not inconsistent with this opinion. Infantino is entitled to costs on this appeal.
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 *
 The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 For us to have jurisdiction over Infantino's ERISA claim, Transamerica's plan must also be an ERISA plan. See Delaye v. Agripac, Inc., 39 F.3d 235, 238 (9th Cir.1994), cert. denied, 115 S.Ct. 1402 (1995). Whether or not Transamerica's plan is in full compliance with ERISA, it plainly is governed by ERISA and thus is an "ERISA plan." The plan was established by an "employer" for the purpose of providing retirement income to employees. See 29 U.S.C. Sec. 1002(2)(A) (defining "pension plan"); 29 U.S.C. Sec. 1002(5) (defining employer). Contrary to Infantino's assertion, the plan is not an "excess benefit plan," because the plan is not maintained for the purpose of providing benefits in excess of the limitations imposed by 26 U.S.C. Sec. 415. See 29 U.S.C. Sec. 1002(36)
 
 
 [2]
 Infantino's claim that he should have been included in the plan would be viable if we recognized an ERISA promissory estoppel claim; we do not. See DeVoll v. Burdick Painting, Inc., 35 F.3d 408, 412 (9th Cir.1994), cert. denied, 115 S.Ct. 1381 (1995). DeVoll is clearly fatal to any ERISA claim of Infantino's arising from his employer's promise, in his employment agreement, to include Infantino in any benefit plan established for the prime executive level class of employees