66 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eugene HAMILTON, Plaintiff-Appellant,
v.
D. FRAGOSO, et al., Defendants-Appellees.
 No. 94-15281.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Sept. 12, 1995.
 
 Before: SNEED, KOZINSKI and NOONAN, Circuit Judges.
 
 
 1
 AMENDED MEMORANDUM**
 
 
 2
 Plaintiff has not shown that it was clearly established at the time of his disciplinary hearing before Lt. Hopkins that a prison official in her position--one who had administratively classified the offense--could not preside at such a hearing. It was not unreasonable for Hopkins to have relied upon the Department of Corrections' Administrative Bulletin of November 2, 1987, the express provisions of which permitted an official to preside at a hearing when she had "initial[ly] classifie[d] ... [the] rules violation report" or "perform[ed] a supervisory review ... for compliance with Department policy and procedures."
 
 
 3
 Plaintiff does not contest that the Bulletin's exemption applies squarely to Hopkins; he argues that she should have known it to be an improper explanation of the law. Section 2932(c)(1)(A) of the California Penal Code does require that prison disciplinary hearings be run by "an individual who shall be independent of the case." In light of the Bulletin's clear provisions, however, it was not unreasonable to conclude that this "independent of the case" requirement meant only that the presiding officer could not have had any personal involvement in or direct knowledge of the underlying offense.
 
 
 4
 The cases on which plaintiff relies, such as Clutchette v. Procunier, 497 F.2d 809 (9th Cir.1974), modified, 510 F.2d 613, rev'd on other grounds sub nom. Baxter v. Palmigiano, 425 U.S. 308 (1976), only illustrate the reasonableness of such a conclusion. Clutchette did bar hearings run by a "reviewing officer," id. at 820, but its rule was not rigid and mechanical: It focused upon ensuring a hearing officer's freedom from "[p]ersonal knowledge of" the circumstances of the offense. Id. Moreover, as the California Court of Appeal pointed out in People v. Superior Court, 230 Cal.App.3d 1592, 1596 (1991), the disciplinary procedure at issue in Clutchette "did not include a prehearing review by a supervisor." The eligibility of officials in Hopkins' situation--lacking personal acquaintance with the case but having conducted a prehearing review--was neither at issue in Clutchette nor obviously covered by its rule about "personal" knowledge. Hopkins might reasonably have concluded that the Bulletin was a correct explication of the law.
 
 
 5
 Plaintiff also claims he was wrongfully prevented from calling defense witnesses at his prison disciplinary hearings. Whatever their merits, these claims must fail because he neglected to serve defendants with the amendment to his complaint containing these allegations. While federal courts will arrange service of process on behalf of a pro se plaintiff where he specifically asks for such assistance, failure to make this request requires dismissal of the unserved claims under Fed.R.Civ.Proc. 4(m). See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir.1994).
 
 
 6
 AFFIRMED.
 
 Hamilton v. Fragoso, 94-15281
 NOONAN, Circuit Judge, concurring:
 
 7
 I concur in the judgment.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3