66 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Guillermo Antonio FLORES-CRUZ, et al., Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70929.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1995.*
Decided Sept. 13, 1995.
 
 1
 Before: HALL and LEAVY, Circuit Judges, and HOGAN,** Chief District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Guillermo Antonio Flores-Cruz, his wife and their 24 year old son ("Flores family"), natives and citizens of Nicaragua, petition for review of the Board of Immigration Appeals' ("BIA") denial of their third motion to reopen immigration proceedings in order to apply for suspension of deportation, 8 U.S.C. Sec. 1254(a)(1), and renew their applications for asylum, 8 U.S.C. Sec. 1158(a), and withholding of deportation, 8 U.S.C. Sec. 1253(h).
 
 
 4
 We have jurisdiction pursuant to 8 U.S.C. 1105(a). A decision by the BIA on an applicant's motion to reopen is reviewed for an abuse of discretion. INS v. Doherty, 112 S.Ct. 719, 725 (1992) (agency's denial of a motion to reopen is reviewed for an abuse of discretion regardless of the underlying basis of the alien's request for relief). "The BIA's denial of a motion to reopen will be upheld unless it is arbitrary, irrational, or contrary to law." Ahwazi v. INS, 751 F.2d 1120, 1122 (9th Cir.1985). For the reasons that follow, the Flores family's petition for review is denied.
 
 
 5
 * The Flores family first argues that, pursuant to sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. Secs. 1158(a) and 1253(h), they should have been permitted to reapply for asylum and withholding of deportation because the Sandinistas have resumed aggression against anti-Sandinista individuals. Specifically, the Flores family points to a July 1993 incident in which 150 people were killed during an attack by a group of former Sandinista soldiers.
 
 
 6
 Section 208(a), authorizes the Attorney General to use discretion to grant asylum to an alien who is a refugee as defined in the Act. 8 U.S.C. Sec. 1158(a) (1995). See also INS v. Elias-Zacarias, 112 S.Ct. 812, 815 (1992). Section 101(a)(42)(A), defines refugee to include an alien who is unable or unwilling to return to their home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. Sec. 1101(a)(42)(A). Asylum applicants must establish a genuine subjective fear of persecution and an objectively reasonable fear. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The BIA's determination that the Flores family was not eligible for asylum can be reversed only if the evidence presented by them is "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 112 S.Ct. at 817.
 
 
 7
 Section 243(h) provides that no alien shall be deported "if the Attorney General determines that such alien's life or freedom would be endangered ... on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. Sec. 1253(h). The alien bears the burden of showing a "clear probability of persecution" on one of these grounds. INS v. Stevic, 467 U.S. 407, 430 (1984). This is a more difficult standard to meet than the standard for asylum. Acewicz, 984 F.2d at 1062. An alien who meets this higher standard has a right to withholding of deportation even if the Attorney General exercises discretion to deny asylum. Stevic, 467 U.S. at 429-30.
 
 
 8
 Here, the BIA concluded that the Flores family failed to establish a well-founded fear of persecution based upon the current conditions in Nicaragua. Relying on Elias-Zacarias, the BIA determined that evidence of widespread violence and human rights violations affecting all citizens is insufficient to establish a well-founded fear of persecution. Id. at 816.
 
 
 9
 Indeed, the Flores family was required to show that the persecution was "on account of" some statutorily enumerated status held by them. Id. They failed to present any evidence on that account. Accordingly, the BIA did not abuse its discretion by denying the Flores family's motion to reopen.
 
 
 10
 Because the standard for withholding of deportation is higher than the standard for a grant of asylum, and the Flores family failed to meet the lower standard for a grant of asylum, we affirm the BIA's refusal to reopen and consider the Flores family's request for suspension of deportation.
 
 II
 
 11
 The Flores family next argues that, pursuant to section 244(a) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1254(a)(1), they should be permitted to apply for suspension of deportation where they have resided in the United States for seven years and would suffer extreme hardship if deported. The Flores family urges a favorable exercise of discretion because they "have worked hard and built a good life here in the United States."
 
 
 12
 To establish a prima facie case for a discretionary suspension of deportation under section 244(a), an alien must meet the following conditions: 1) continuous physical presence in the United States for not less than seven years; 2) good moral character; and 3) extreme hardship to the alien, or to the alien's United States citizen or lawful permanent resident spouse, parent or child, if the alien is deported. 8 U.S.C. Sec. 1254(a)(1). Even if petitioner makes out a prima facie case of eligibility, on a motion to reopen the "BIA may ... determine that ... the movant would not be entitled to the discretionary grant of relief." INS v. Abudu, 485 U.S. 94, 104-05 (1988).
 
 
 13
 Here, the BIA determined that the Flores family did not merit a favorable exercise of discretion because they refused to voluntarily depart from the United States in contravention of its order of November 19, 1990, they failed to appear for an interview with the INS and they have refused to report to the INS to discuss their immigration status.
 
 
 14
 In reaching its decision to deny the Motion to Reopen, the BIA considered and rejected the Flores family's proffered explanations for their failure to comply with the order of the BIA to voluntarily depart the country and for their failure to appear or report to the INS to discuss their immigration status. Under the circumstances, the BIA did not abuse its discretion when it denied the Motion to Reopen. See INS v. Rios-Pineda, 471 U.S. 444, 451 (1985) (no abuse of discretion in denial to reopen based on respondents' flagrant violation of federal law in entering the United States, as well as respondent husband's willful failure to depart voluntarily after his request to do so was honored by the INS).
 
 
 15
 The Flores family first received orders to show cause in December 1988, nearly six and one-half years ago. The BIA observed, in its fourth decision in this case, that it is "time to bring th[is] litigation to a close." We agree.
 
 
 16
 The Flores family's Petition For Review is DENIED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Hon. Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3