66 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jack GERRITSEN, Plaintiff-Appellant,
v.
CITY OF LOS ANGELES; Jerry Smart; Coleman Security
Service, Inc.; Mark Banegas; Bacerra Aguirre;
Mendoza; Peel; Dominguez; Young;
William Vestal; Kathy
Herbert,
Defendants-Appellees.
Jack GERRITSEN, Plaintiff-Appellant,
v.
WORLDWIDE CHURCH GOD/AMBASSADOR COLLEGE; James Hadaway;
Jerry Smart; Caroline Ascencio; T. Holzer; Santolla;
Dendy; Trojan Security Services, Inc.; Martin Renteria;
Eugenio Rodriguez-Cortez; Jose Santoyo-Zendejas; Rafel
Araza; Ashraf Farah, California Security Service, Inc.;
Benny Zavala; Juan Castillo; City of Los Angeles Board of
Public Works; Maureen A. Kendal; Edward Longley; Dave
Torres; Mike McKelvey; City of Bell; Rugroden; Haooper;
Vasquez; Espejo; Cacheiro; Owens; Joe Cerilo; Eduardo
de Ibarrola, Defendants-Appellees.
 Nos. 94-56387, 94-56397.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1995.*
Decided Sept. 14, 1995.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-87-01861-WMD; William Matthew Byrne, Jr., District Judge, Presiding
 Before: GOODWIN, WIGGINS, O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORAMDUM**
 
 
 2
 Jack Gerritsen appeals pro se the district court's award of damages on his First Amendment claim in his 42 U.S.C. Sec. 1983 action.[1] We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 Gerritsen contends that the district court erred by awarding him only nominal damages. This contention lacks merit.
 
 
 4
 Where a party's constitutional rights have been violated, an award of nominal damages is mandatory. Floyd v. Laws, 929 F.2d 1390, 1402 (9th Cir.1991); see also Carey v. Piphus, 435 U.S. 247, 266 (1978) (holding that nominal damages may be awarded without proof of actual injury). To receive compensatory damages, however, the party seeking such damages must prove that the constitutional deprivation resulted in an injury for which compensation traditionally would have been provided at common law--e.g., physical harm, emotional distress, loss of reputation, or monetary loss. See Memphis Community School Dist. v. Stachura, 477 U.S. 299, 306-07, 309-10 (1986) (holding that damages for a First Amendment violation must be based on proof of compensable injury and not the "value" of the right violated); Chalmers v. City of Los Angeles, 762 F.2d 753, 760-61 (9th Cir.1985) (discussing that proof of compensable injury is necessary to obtain anything more than nominal damages). To award punitive damages, the fact-finder must determine both that an individual defendant acted with reckless indifference to the federally protected rights of the plaintiff and that the defendant deserves to be punished. Smith v. Wade, 461 U.S. 30, 52, 56 (1983); Woods v. Graphic Communications, 925 F.2d 1195, 1206 (9th Cir.1991).
 
 
 5
 Here, Gerritsen failed to prove that he had suffered any compensable injuries. Gerritsen did not prove that the conduct which violated his constitutional rights resulted in physical injury, emotional distress, the loss of reputation or monetary loss. Further, sitting as fact-finder, the district court concluded that defendant Smart did not deserve to be punished because he was acting on the advice of the city's attorney when he engaged in the conduct which served as the gravaman of Gerritsen's complaint.[2]
 
 
 6
 Accordingly, the district court did not err by awarding Gerritsen only nominal damages. Carey, 435 U.S. at 264; Smith, 461 U.S. at 52, 56.
 
 
 7
 Gerritsen also contends that the district court erred by not granting him a jury trial on the issue of damages. This contention lacks merit.
 
 
 8
 "The failure of a party to serve and file a demand as required by [Fed.R.Civ.P. 38] constitutes a waiver by the party of trial by jury." Fed.R.Civ.P. 38(d). In addition, a party may waive a jury trial by participating in a bench trial. See White v. McGinnis, 903 F.2d 699, 703 (9th Cir.), cert. denied, 498 U.S. 903 (1990).
 
 
 9
 Before the trial which led to the first appeal in this case, the district court entered a pre-trial order stating that the issues would not be tried to a jury and that the issues were not, bifurcated. The parties signed this order and conducted the trial accordingly. On appeal, this court remanded the case so that the district court could consider the issue of damages. See Gerritsen v. City of Los Angeles, 994 F.2d 570, 580 (9th Cir.), cert. denied, 114 S.Ct. 306 (1993). On remand, Gerritsen made a demand for a jury trial pursuant to Fed.R.Civ.P. 38. Gerritsen cites no authority, and we are aware of none, for the proposition that a remand from this court negates a prior waiver of the right to a trial by jury.
 
 
 10
 Accordingly, we conclude that the district court did not err by deciding the issue of damages in light of the prior waiver of the right to a trial by jury.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In a prior published decision, this court found that Gerritsen's First Amendment rights had been violated and remanded the case so that "the district court ... [could] determine Gerritsen's damages ... for violations of his constitutional rights." See Gerritsen v. City of Los Angeles, 994 F.2d 570, 580 (9th Cir.), cert. denied, 114 S.Ct. 306 (1993)
 
 
 [2]
 Punitive damages are not available under 42 U.S.C. Sec. 1983 against "local governing bodies" such as defendant City of Los Angeles. See Hammond v. County of Madera, 859 F.2d 797, 803 n. 2 (9th Cir.1988)