66 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John FELDE, Plaintiff-Appellant,
v.
CITY OF SAN JOSE, Defendant-Appellee,
San Jose Police Officers Association; International
Association of Firefighters, Local 230,
Intervenors-Appellees.
 No. 94-15272.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 12, 1995.*
Decided Sept. 14, 1995.
 
 Before: CHOY, BEEZER and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiff John Felde filed this action against the City of San Jose ("City") claiming discrimination on the basis of disability in violation of the Americans with Disabilities Act, 42 U.S.C. Sec. 12101, et seq. ("ADA"). The district court granted summary judgment in favor of the City of San Jose holding that the San Jose Police and Fire Department Retirement Plan ("Retirement Plan") does not discriminate against the disabled.
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm the district court.
 
 
 4
 * John Felde was employed by the San Jose Fire Department from June 1965 to January 1993. Felde, a former Deputy Fire Chief, retired from the Department on a service-connected disability basis. The City offers two retirement options to disabled firefighters as members of the Retirement Plan. A disabled firefighter may choose either regular service retirement or disability retirement.
 
 
 5
 Under regular service retirement, a firefighter who has served at least 20 years and has accrued, unused sick leave in excess of 1,680 hours is entitled to a 100% sick leave payout. See City of San Jose Resolution No. 64214, December 8, 1992. Regular service retirement is available to all firefighters who meet the above requirements, whether disabled or not. For those who choose another retirement option or do not meet these qualifications, the sick leave payout is capped at 80% of a maximum number of hours.
 
 
 6
 Although eligible for regular service retirement and aware of this option, Felde voluntarily applied for and received a service-connected disability retirement. Felde admittedly states that the choice was based on the tax benefits attributable to disability retirement. As a result of this choice, Felde received a sick leave payout of only 80% of 960 hours. If Felde had decided on regular service retirement he would have received a payout of 100% of 2,099 hours, his total accrued but unused sick leave.
 
 
 7
 Felde filed this action claiming that the Retirement Plan discriminates on the basis of physical disability because it "utilizes the fact of an individual's disability as the distinguishing criteria for limitation of access to benefits that are granted without limitation to non-disabled retirees." The district court granted summary judgment in favor of the City holding that Felde seeks "special treatment rather than simply nondiscriminatory treatment." Felde timely appealed. Both the International Association of Firefighters, Local 230 and the San Jose Police Officers' Association have intervened on behalf of the City.
 
 II
 
 8
 We review de novo the grant of summary judgment. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994).
 
 III
 
 9
 Felde argues that the Retirement Plan discriminates against him as a disabled firefighter because he is denied benefits granted to non-disabled firefighters unless he relinquishes the rights and status that adheres to him because of his disability. Felde misunderstands the ADA. Section 12112(a) of the ADA provides, in pertinent part:
 
 
 10
 No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.
 
 
 11
 Such discrimination is defined by Section 12112(b) to include:
 
 
 12
 (1) limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of the disability of such applicant or employee;
 
 
 13
 (2) participating in a contractual or other arrangement or relationship that has the effect of subjecting a covered entity's qualified applicant or employee with a disability to the discrimination prohibited by this subchapter ...
 
 
 14
 (3) utilizing standards, criteria, or methods of administration--
 
 
 15
 (A) that have the effect of discrimination on the basis of disability....
 
 
 16
 The Retirement Plan does not have "the effect of discrimination on the basis of disability." The Plan provides a disabled firefighter with all retirement options offered to non-disabled firefighters and additionally allows only disabled firefighters the choice of electing disability retirement. The City concedes that the 1992 Resolution, granting 100% sick leave payout for regular service retirement, was passed in part to encourage disabled firefighters to delay retirement and elect regular service retirement. However, this fact does not constitute discrimination under the ADA. To constitute discrimination, the grantor of an employment benefit must deny an otherwise qualified handicapped individual "meaningful and equal access to that benefit." Alexander v. Choate, 469 U.S. 287, 306 (1985) (no discrimination under the Rehabilitation Act of 1973 when a State provides equal access to health care for handicapped and non-handicapped persons alike and the State is not required to provide the handicapped more coverage than the non-handicapped). Felde has full access to all retirement benefits offered to the nondisabled.
 
 
 17
 The Equal Employment Opportunity Commission has recently issued a Notice concerning the precise issue presented here. See EEOC Notice, "Questions and Answers About Disability and Service Retirement Plans Under the ADA," No. 915.002, May 15, 1995. The Notice states that an employer may offer a disability retirement plan which provides lower levels of benefits than the regular service retirement plan, so long as those eligible for disability retirement have full access to regular service retirement.
 
 
 18
 The cases Felde cites for support are inapposite. Citing Arizona Governing Committee, et al. v. Norris, 463 U.S. 1073 (1983), Felde argues that putting a disabled retiree to a choice between a discriminatory option and a nondiscriminatory option violates the ADA. Id. at 1081 n. 10 (citing Mississippi Univ. for Women v. Hogan, 458 U.S. 718 (1982)). In Norris, three retirement plans were offered to employees, two of which were nondiscriminatory. The third plan offered monthly annuity payments for the remainder of the employee's life but provided greater monthly benefits to men based on actuarial data that women live longer lives. Id. at 1076-77. Thus, in Norris, women were being excluded from obtaining a benefit which they sought--annuity benefits on an equal basis as men. See also EEOC v. Borden's Inc., 724 F.2d 1390 (9th Cir.1984) (Severance pay plan which excludes discharged employees who are eligible for retirement from receiving severance pay violates Age Discrimination in Employment Act.) Felde has experienced no such exclusion.
 
 
 19
 Finally, Felde argues that the Retirement Plan is discriminatory because in order to partake of the benefits of regular service retirement, he must forego benefits which arise from his disabled status. While this fact may be true, Felde has not been discriminated against because of his disability. 42 U.S.C. Sec. 12112(a). Felde has had full access to all retirement plans and has simply chosen the plan best suited to his needs. No discrimination has occurred.
 
 IV
 
 20
 As Felde is not a prevailing party, he is not entitled to fees under 42 U.S.C. Sec. 12117 and 42 U.S.C. Sec. 2000e-5(k).
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3