66 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
GULSHAN INTERNATIONAL CORPORATION, a California corporation
dba Invax Technologies, Plaintiff-Appellant,
v.
SEMATECH, INC., a Delaware corporation; Drytek, Inc., a
Massachusetts corporation, Defendants-Appellees.
 No. 93-16710.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 12, 1995.*
Decided Sept. 14, 1995.
 
 Before: HALL, KOZINSKI and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 1. The causes of action for breach of contract, misappropriation of trade secrets, fraudulent misrepresentation, promise without intent to perform, interference with prospective economic advantage, conversion, constructive trust and conspiracy all require that the ideas in question be trade secrets. Information can't be a trade secret, however, if it is "generally known to the public or to other persons who can obtain economic value from its disclosure or use." Cal.Civ.Code Sec. 3426.1(d)(1).
 
 
 3
 After reviewing the record, we agree with the district court that there was no genuine issue that the idea of using fluoroptic probes, Polycold-brand chillers, or aluminum oxide was not proprietary to the plaintiff. See Fed.R.Civ.P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Plaintiff claims that the district court failed to make a determination concerning the system design as a whole. However, the district court did conclude there was no genuine issue that the system design as a whole was not proprietary to the plaintiff. Order Granting Defs.' Mot. for Summ. J. at 15. The district court was correct on this point as well.
 
 
 4
 2. The cause of action for breach of implied-in-fact contract was also properly dismissed. There can be no such cause of action where there is an express contract which covers the same subject matter. 1 B.E. Witkin, Summary of California Law Sec. 12 (9th ed. 1987); Tollefson v. Roman Catholic Bishop, 219 Cal.App.3d 843, 855 (1990). It is undisputed, in this case, that plaintiff signed a confidentiality agreement with both defendants.
 
 
 5
 3. The district court properly dismissed the cause of action for breach of confidence. For the same reason there was no genuine issue that the information was not proprietary, there was no genuine issue that the information was insufficiently novel to support the breach of confidence count. See Tele-Count Eng'rs, Inc. v. Pacific Tel. & Tel. Co., 168 Cal.App.3d 455, 462 (1985).
 
 
 6
 4. The cause of action for unjust enrichment was properly dismissed. Plaintiff failed to present evidence that either defendant received a benefit whereby it was unjustly enriched at plaintiff's expense. See Van de Kamp v. Bank of America Nat'l Trust & Savings Ass'n, 204 Cal.App.3d 819, 854-55 (1988).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3