**DONALD I. GALEN, M.D., INC., and Donald I. Galen, M.D., Plaintiffs,**

v.

**Mary McALLISTER, Information Services, Inc., Stephen E. Antic, Business Planning Services, Inc., and Does 1 through 25, inclusive, Defendants.**

No. C–92–1162 MHP.

United States District Court, N.D. California.

Sept. 4, 1992.

Thomas A. Trapani, Rankin Sproat & Pollack, Oakland, CA, for plaintiffs.

David S. Markun, Zelle & Larson, San Francisco, CA, for defendants Mary McAllister, Information Services, Inc. and Business Planning Services, Inc.

Kathryn L. Anderson, Lewis D'Amato Brisbois & Bisgaard, San Francisco, CA, for defendant Stephen E. Antic.

### ORDER

PATEL, District Judge.

Plaintiffs brought this action in state court alleging state law claims for breach of contract, professional negligence, fraud, breach of fiduciary duty and intentional infliction of emotional distress. Defendants are alleged to be consultants, administrators and record-keepers of employee benefit plans established by plaintiffs' professional corporation. Defendants removed the action to this court based on preemption under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002 et seq.

Plaintiff moves to remand this action contending that the claims alleged in the complaint are not preempted by ERISA. This court has reviewed all the papers filed herein and agrees.

### THE ALLEGATIONS OF THE COMPLAINT

The complaint alleges that defendants were retained by plaintiff employers to provide "professional administrative and consultative services for plaintiffs' Defined Benefit Pension Plan." Complaint at paragraphs 14 et seq. Plaintiffs assert that as a result of breaches of their respective duties plaintiffs were provided inaccurate information that adversely affected their funding decisions and resulted in additional expenses. They append to the complaint an agreement which they allege forms the basis of their breach of contract claim. The agreement, which is very brief, merely provides that:

We have, by board resolution, adopted an Employee Benefit Plan and have appointed Contemporary Pensions, Inc. as agent to provide administrative services. We confirm that neither Contemporary Pensions, Inc. nor any of its affiliates nor their representatives have provided legal advice and counsel. We acknowledge that we should confer with our own legal counsel, should we so choose, on all matters pertaining to the suitability of an Employee Pension Plan and legal questions pertaining to the Plan and our participation in such a Plan. Ex. A to Complaint.[1]

Among the other allegations of the complaint, one states that defendants "failed to amend plaintiffs' defined benefit pension plan to conform the plan to developments in the tax law." Complaint at paragraph 22.

Defendants contend that, in reality, the claims in the complaint are ERISA claims disguised as professional negligence and other state law causes of action. Defendants have also moved to strike certain prayers for relief on the basis that they are not proper under ERISA.

---

1. Curiously, the complaint does not mention the Contemporary Pensions, Inc. as a party-defen- dant; nor does it explain the relationship of this entity to those defendants actually named.

## DISCUSSION

■ Whether an action is removable under 28 U.S.C. § 1441(b) as one presenting a federal question is to be determined from the face of a "well-pleaded" complaint. *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 9–12, 103 S.Ct. 2841, 2846–48, 77 L.Ed.2d 420 (1983); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423 (9th Cir.1984). The party seeking removal bears the burden of establishing federal jurisdiction. *Miller v. Grgurich*, 763 F.2d 372 (9th Cir.1985). However, where artful pleading masks a true federal claim, the court may look behind the complaint to ascertain the true gravamen of the claims. *Salveson*, 731 F.2d at 1427–29.

■ If the claims appear to involve employee benefit plans, the court must determine whether the claims are preempted under ERISA. Courts have repeatedly held that ERISA preemption is sweeping, acknowledging that Congress intended broad coverage and protection for the participants in and beneficiaries of employee benefit plans. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Since ERISA so completely preempts the field, actions within its ambit are removable. *Id.*

■ However, not all claims that touch upon employee benefit plans are preempted. *Retirement Fund Trust of the Plumbing v. Franchise Tax Board*, 909 F.2d 1266, 1274 (9th Cir.1990). The touchstone is whether the claim "has a connection with or reference to" an employee benefit plan. *Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 8, 107 S.Ct. 2211, 2215, 96 L.Ed.2d 1 (1987). The analysis in National Labor Relations Act ("NLRA") cases is instructive, although not parallel. There the courts have held that it is not the identity of the party bringing the action but the issues presented and whether they impinge upon the federal regulatory scheme. *See Richardson v. Kruchko & Fries*, 966 F.2d 153, 156–57 (4th Cir.1992) (discussing *Garmon* preemption according to the leading case of *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959)).

■ Defendants' assertions notwithstanding, although plaintiffs may be participants or beneficiaries of an ERISA-covered plan, they do not sue in that capacity; they sue as the employer or sponsor of the plan. Employers are not among those enumerated in 29 U.S.C. § 1132 as persons entitled to sue for enforcement of rights under ERISA. This Circuit has held that employers may bring an action under ERISA under certain circumstances. In *Fentron Industries, Inc. v. National Shopmen Pension Fund*, 674 F.2d 1300 (9th Cir.1982), the court held that the employer was within the "zone of interests" protected by ERISA where the defendant Fund had cancelled pension credits and declined to process pension claims. The employer argued that this conduct threatened its relationship with the Shopmen's Union and the continued employment of its employees. The Ninth Circuit agreed, holding that the Congressional purpose of protecting employer-employee relations justified permitting employers to sue to effectuate such purpose. *Fentron* has been roundly criticized by other circuits. *See, e.g., Tuvia Convalescent Center v. Nat'l. Union of Hospital and Health Care Employees*, 717 F.2d 726, 729–30 (2d Cir.1983) (noting cases from other courts in conflict with the Ninth Circuit's view).

Despite *Fentron*, this Circuit has held that an employer cannot sue under ERISA unless it can allege "specific and personal" injuries resulting from a violation of ERISA. *Assoc. Builders & Contractors v. Carpenters Vacation and Holiday Trust Fund for Northern California*, 700 F.2d 1269, 1278 (9th Cir.), *cert. denied* 464 U.S. 825, 104 S.Ct. 94, 78 L.Ed.2d 101 (1983).

■ The nature of the claims in plaintiffs' complaint relate to defendants' professional and contractual relationship with plaintiffs *qua* employer, not plaintiffs *qua* participants or beneficiaries. Nor, for the purposes of this complaint, do plaintiffs purport to stand in the shoes of the participants or beneficiaries. Finally, plaintiffs do not assert any injuries occurring to them as employer or plan sponsor as a result of an ERISA violation. Thus, plaintiffs do not have standing to

assert ERISA claims even if they were of the type encompassed by ERISA.

The remaining question is whether these claims are ERISA claims or are preempted by ERISA. Not all fiduciary or similar claims involving employee benefit plans are preempted by ERISA. Thus, where the plan or the plan sponsor, for example, alleges misconduct by an accountant, auditor or lawyer the claim is not preempted by ERISA unless such party had "actual decision-making power" regarding the management, control or administration of the plan. *See Pappas v. Buck Consultants, Inc.*, 923 F.2d 531, 537–38 (7th Cir.1991) (noting cases where consultants, administrators and others who merely advise or influence the decision-makers are not fiduciaries or subject to suit under ERISA); *see also Painters of Philadelphia Dist. Council No. 21 Welfare Fund v. Price Waterhouse*, 879 F.2d 1146 (3d Cir. 1989).

Defendants make much of the fact that plaintiffs have mentioned in their complaint that the defendants "failed to amend" the plan. This, they argue, shows that defendants had discretion over the plan and its administration. What authority defendants had to amend to plan is not clear. Certainly the agreement alleged in the complaint does not appear to give the defendants such authority. But, the true nature of the claim can best be determined by looking at the "failed to amend" language in the context of the surrounding allegations in Paragraph 22. That language indicates that the failure related to advice on tax consequences, not to the actual administration of the plan.

The contours of plaintiffs claims are not determined by ERISA law, although that law may be tangentially involved. The duties and obligations alleged do not arise from ERISA. They arise from and are governed by state common law relating to contracts and professional relationships. *Cf. Greany v. Western Farm Bureau Life Ins. Co.*, 973 F.2d 812, 816–18 (9th Cir.1992).

For the foregoing reasons, the court concludes that the claims alleged in the complaint in this action are not preempted by ERISA, and are appropriately cast as state court claims. Therefore, there is an absence of federal jurisdiction and the motion for remand is hereby GRANTED and the Clerk of this Court is directed to certify a copy of this order and transmit it forthwith to the Clerk of the Superior Court for the County of Contra Costa, 725 Court Street, Room 103, P.O. Box 911, Martinez, CA94553.

IT IS SO ORDERED.