130 F.3d 1355
 21 Employee Benefits Cas. 2222, 97 Cal. Daily
Op. Serv. 9236,
97 Daily Journal D.A.R. 14,907,
Pens. Plan Guide (CCH) P 23939O
GEWEKE FORD, Plaintiff-Appellant,
v.
ST. JOSEPH'S OMNI PREFERRED CARE INCORPORATED; Alden Risk
Management Services, Defendants-Appellees.
 No. 95-16586.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 12, 1996.
Submission Withdrawn April 28, 1997.
Resubmitted Dec. 2, 1997.
Decided Dec. 10, 1997.
 
 Lisa S. Serebin and R. Bradford Huss, Trucker Huss, San Francisco, CA, for plaintiff-appellant.
 William A. Helvestine, Epstein, Becker & Green, San Francisco, CA, for defendant-appellee St. Joseph's Omni Preferred Care, Inc.
 Robert D. Phillips, Jr., Bowles & Verna, Walnut Creek, CA, for defendants-appellees John Alden Life Insurance Company and Alden Risk Management Services.
 Appeal from the United States District Court for the Eastern District of California; Lawrence K. Karlton, Chief Judge, Presiding. D.C. No. CV-95-00211-LKK.
 Before: FLETCHER, WIGGINS and T.G. NELSON, Circuit Judges.
 WIGGINS, Circuit Judge:
 
 
 1
 Plaintiff filed suit in state court alleging that the third party administrator and the excess liability insurer of its health benefit plan failed to perform their contractual duties to repay it for expenses arising from a payment under the plan. The defendants presented an ERISA-based defense and removed to federal court. The district court dismissed the complaint under Rule 12(b)(6), holding that ERISA preempted the state claims, yet provided no remedy itself. This court has jurisdiction under 28 U.S.C. § 1291. We AFFIRM-IN-PART and REVERSE-IN-PART.
 
 BACKGROUND
 
 2
 Geweke Ford ("Geweke") is a private California employer which established and sponsored the Geweke Ford Employee Health Care Plan ("Plan"), a self-funded employee benefit plan subject to ERISA. Geweke contracted with St. Joseph's Omni Preferred Care, Inc. ("Omni") to provide administrative services for the Plan. Geweke remained the ultimate Plan Administrator, but Omni was to manage the day-to-day operations of the Plan, including claims processing. Geweke contracted for excess loss coverage from John Alden Life Insurance Company and Alden Risk Management Services (collectively, "Alden"). The excess loss policy required Alden to reimburse Geweke for payments made under the Plan above a certain deductible in a given year.
 
 
 3
 Geweke sued Omni and Alden in California state court to recover for sums paid by it for a Plan beneficiary's claim. The complaint alleged that Omni failed to administer and process benefit claims covered under the Plan and that Alden failed to reimburse Geweke for benefits paid through the Plan. Geweke's claims were for state-law breach of contract and for declaratory relief.
 
 
 4
 Alden and Omni removed the case to federal court in the Eastern District of California, based on an ERISA preemption defense. The district court then dismissed the lawsuit without leave to amend because Geweke failed to state a claim upon which relief could be granted. The court stated that it did not believe the state claims should be preempted by ERISA, but felt compelled by Kyle Railways v. Pacific Admin. Servs., 990 F.2d 513 (9th Cir.1993), to find preemption. This appeal followed.[1]
 
 STANDARD OF REVIEW
 
 5
 We review questions of subject-matter jurisdiction de novo. Valdez v. United States, 56 F.3d 1177, 1179 (9th Cir.1995). Similarly, review of a dismissal under Rule 12(b)(6) for failure to state a claim is de novo. Kyle Railways v. Pacific Admin. Servs., 990 F.2d 513, 515-16 (9th Cir.1993). Our review assumes all of the complaint's allegations are true. Id. at 516.
 
 ANALYSIS
 I. Jurisdiction
 
 6
 The DOL argues that federal courts lack subject matter jurisdiction in this case and that removal was thus improper under 28 U.S.C. § 1441(b). Questions of jurisdiction and removal are generally determined from the face of a "well-pleaded" complaint. Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9-12, 103 S.Ct. 2841, 2846-47, 77 L.Ed.2d 420 (1983). An independent corollary to the well-pleaded complaint rule is the "complete preemption" doctrine. ERISA's preemptive provision is "so complete that an ERISA preemption defense provides a sufficient basis for removal ... notwithstanding the traditional limitation imposed by the 'well-pleaded complaint' rule." Ingersoll-Rand v. McClendon, 498 U.S. 133, 145, 111 S.Ct. 478, 485, 112 L.Ed.2d 474 (1990). Thus, defendants can establish federal subject-matter jurisdiction in this case if, but only if, ERISA preempts the state causes of action.
 
 
 7
 Geweke's state law claims are preempted by ERISA only if they fall within the scope of ERISA's civil enforcement provision, 29 U.S.C. § 1132(a). See Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 934 (9th Cir.1994). In Part II, we hold that the contractual relationships of the parties are not connected to ERISA's regulatory scheme, and thus, ERISA did not completely preempt the state law claims. Hence, federal subject-matter jurisdiction was lacking. Absent federal subject-matter jurisdiction, removal was improper. See Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393 (9th Cir.1988). The district court lacked jurisdiction to dismiss the complaint under Rule 12(b)(6), and instead should have remanded the case to state court. Id. at 1405.
 
 II. State Law Claims
 
 8
 ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" governed by ERISA, with exceptions not relevant to this case. 29 U.S.C. § 1144(a). A law "relates to" an employee benefit plan "if it has a connection with or reference to such a plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97, 103 S.Ct. 2890, 2899-900, 77 L.Ed.2d 490 (1983).
 
 
 9
 The Supreme Court recently cautioned that "relate to" should not be "taken to extend to the furthest stretch of its indeterminacy." New York Conf. of Blue Cross v. Travelers, 514 U.S. 645, 655, 115 S.Ct. 1671, 1676, 131 L.Ed.2d 695 (1995). Rather, courts should look to the Congressional objectives of ERISA as a guide to the scope of state law that Congress understood would be preempted. Id. at 656, 115 S.Ct. at 1677. In doing so, we start with the presumption that Congress did not intend to supplant state law in fields of traditional state regulation. Id. at 661, 115 S.Ct. at 1679.
 
 
 10
 Thus, although ERISA's express preemption is "deliberately expansive," Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 46, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987), the preemption does not extend to state claims that affect employee benefit plans in "too tenuous, remote, or peripheral a manner," Shaw, 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21. See also Mackey v. Lanier Collection Agency & Serv., Inc., 486 U.S. 825, 833, 108 S.Ct. 2182, 2187, 100 L.Ed.2d 836 (1988) (stating that ERISA does not preempt "run-of-the-mill state-law claims," even though such suits obviously affect and involve the plan).
 
 
 11
 The Ninth Circuit has formulated a "relationship test" to determine the limits of ERISA's preemption. A state law claim is preempted if it "encroaches on the relationships regulated by ERISA." General Am. Life Ins. Co. v. Castonguay, 984 F.2d 1518, 1522 (9th Cir.1993) (finding that ERISA preempts state law claims against ERISA trustees). ERISA does not preempt regulation of those relationships "where a plan operates just like any other commercial entity-for instance the relationship between the plan and its own employees, or the plan and its insurers or creditors." Id. at 1522. Under Castonguay, the key issue is whether the parties' relationships are ERISA-governed relationships. Id.
 
 
 12
 The district court believed that this court had implicitly determined in Kyle Railways v. Pacific Admin. Servs., 990 F.2d 513, 519 (9th Cir.1993), that ERISA preempts state law claims against a third party administrator and an excess liability insurer, notwithstanding that ERISA provides no federal remedy. The district court stated that if writing on a clean slate, it would find the claims in this case were not preempted. It held for defendants because it believed it was constrained by Kyle.
 
 
 13
 Because we conclude that Kyle did not decide the preemption question, we reverse the district court. Kyle involved ERISA claims against a Plan's third party administrator and its excess liability insurer for failure to process and pay claims in a timely manner. Id. at 515. We held that the third party administrator was not an ERISA fiduciary, as it performed ministerial, nondiscretionary functions. Id. at 516. The insurer also was not an ERISA fiduciary, where it audited the payments made by the administrator "for the sole purpose of determining whether the terms of the excess loss insurance policy had been met" and did not have the authority to grant, deny, or review denied claims. Id. at 518. Because neither defendant was a fiduciary, and no prohibited transactions were alleged, the plaintiff failed to state an ERISA claim. At the end of its opinion, Kyle briefly rejected the plaintiff's challenge that ERISA's preemption of any state claims against the defendants was "arbitrary and irrational" or violated due process.
 
 
 14
 Kyle did not actually hold that state law claims would be preempted, but rather it assumed for purposes of the plaintiff's constitutional challenge that the claims would be preempted. We held that if ERISA did preempt the claims, due process was not implicated. Kyle did not analyze whether specific state claims were preempted because the plaintiff conceded that its state law claims would be preempted, and therefore it requested only federal relief under ERISA or a determination that ERISA's preemption violated due process. The Kyle court made no findings about what the potential state law claims were or whether they would actually be preempted by ERISA. Kyle lacked the analysis of relationships that is required by Castonguay. As a result, Kyle did not directly address whether the state law claims were preempted by ERISA. That question was left open by Kyle.
 
 
 15
 Having rejected the notion that Kyle controls, we turn to an analysis of the relationships as contemplated by Castonguay. The relevant inquiry in determining whether Geweke's claims are preempted is not whether a remedy exists for Geweke's claims, but rather whether the claims "relate to" an ERISA plan. Spain v. Aetna Life Ins. Co., 11 F.3d 129, 131-32 (9th Cir.1993); Kyle, 990 F.2d at 519.
 
 
 16
 Contract law is a general area of law, traditionally regulated by the states, which does not necessarily affect the relationships regulated under ERISA among employer, plan, participant, and fiduciary. Omni's alleged failure was to file the claim with Alden properly and in a timely manner, it was not a failure to administer the Plan. In addition, as for the claim against Alden, we have stated in Castonguay that a plan's relationship with its insurers is like that with any commercial entity. 984 F.2d at 1521.
 
 
 17
 Omni argues that because the claim against it arose from an alleged failure of its duties as administrator of the Plan, it "related to" the Plan. Therefore, it is unlike "any other commercial entity," and thus is governed by ERISA. Similarly, Alden argues that the claims against it "relate to" the Plan because they arise from non-payment of Plan benefits to the employer to reimburse for a claim under the Plan. Such payments are not payable under the terms of the policy unless they fall within the coverage provisions of Geweke's plan.
 
 
 18
 The state law issues in this case do not produce direct regulation of ERISA plans or "acute, albeit indirect, economic effects, by intent or otherwise, as to force an ERISA plan to adopt a certain scheme of substantive coverage or effectively restrict its choice of insurers," so we hold that the state claims are not preempted by ERISA. Travelers, 514 U.S. at 668, 115 S.Ct. at 1682. In analyzing these issues, we find persuasive the analysis of a district court in Union Health Care, Inc. v. John Alden Life Ins. Co.. 908 F.Supp. 429, 432-36 (S.D.Miss.1995) (finding no preemption and remanding suit to state court). Facing nearly identical facts, the court in Union Health applied our decision in Castonguay to find no ERISA preemption. It concluded that an employer's excess-loss insurer was not a plan fiduciary and that the employer's claim against the insurer is not governed by ERISA. Id. at 433. The lack of an ERISA remedy against the insurer, though not determinative, counseled the court against preemption. Id. at 434-35. Also, the claim against the third party administrator was not preempted because the alleged harm involved not administrative claims processing, but only a failure to seek insurance reimbursement for the employer for a payment made under the plan. Id. at 435-36.
 
 
 19
 Although defendants note that Union Health completely fails to address Kyle, we already have held that Kyle is inapplicable to these facts. Further, we reject their contention that Union Health 's reasoning erroneously focuses on the fiduciary status of the defendants rather than whether they are involved with the administration of the Plan.
 
 
 20
 Next, our decision is supported by other cases that have not preempted traditional state law claims merely because of an incidental, tenuous relationship between the claims and an ERISA plan. See, e.g., Meadows v. Employers Health Ins., 47 F.3d 1006, 1007 (9th Cir.1995) (finding that state claims for negligent misrepresentation, estoppel, and breach of contract against health insurer were not preempted by ERISA); Airparts Co. v. Custom Ben. Serv. of Austin, Inc., 28 F.3d 1062, 1065-66 (10th Cir.1994) (finding no preemption because defendant was "simply an outside [actuarial] consultant which did not directly perform any administrative act vis-a-vis the plan"); Donald I. Galen, M.D., Inc. v. McAllister, 833 F.Supp. 761, 764 (N.D.Cal.1992) (noting that defendants had professional, consultative roles, not involved in administering the plan). These cases support the finding that ERISA does not necessarily preempt relationships between an ERISA entity and a third party.
 
 
 21
 Finally, our holding is consistent with our recent decision in Arizona State Carpenters Pension Trust Fund v. Citibank, 125 F.3d 715 (9th Cir.1997). In Arizona State Carpenters, we held that ERISA did not preempt the trust funds' state law causes of action because they did not relate to the employee benefit plan. We emphasized that "where state law claims fall outside the three areas of concern identified in Travelers, arise from state laws of general application, do not depend upon ERISA, and do not affect the relationships between the principal ERISA participants; the state law claims are not preempted." Id. at 724.
 
 
 22
 Geweke's state law claims fall outside the three areas of concern identified in Travelers: the state contract law upon which Geweke relies does not mandate employee benefit structures or their administration; does not bind employers or plan administrators to particular choices or preclude uniform administrative practice; and does not provide alternate enforcement mechanisms for employees to obtain ERISA plan benefits. See Coyne & Delany Co. v. Selman, 98 F.3d 1457, 1468 (4th Cir.1996) (summarizing the three areas recognized by the Supreme Court in which ERISA was intended to preempt state law claims). Moreover, Geweke's claims arise from state laws of general application, do not depend upon ERISA, and do not affect the relationships between the principal ERISA participants. Thus, under Arizona State Carpenters, Geweke's state law claims are not preempted by ERISA.
 
 III. Federal Law Claims
 
 23
 Geweke also contends that the district court erred in dismissing the complaint without leave to amend to add federal (ERISA) claims. Although we hold that the district court did not have subject-matter jurisdiction to consider the original state claims, it would have jurisdiction to consider federal claims under ERISA. Accordingly, we will consider whether the district court properly viewed such claims as futile.
 
 
 24
 ERISA allows two potential claims: a fiduciary claim and a claim against any "party in interest" who engages in "prohibited transactions." 29 U.S.C. §§ 1106(a)(1), 1109, 1132(a). Geweke makes no allegation that the defendants engaged in "prohibited transactions."[2] Thus, its only potential claims are fiduciary claims. Geweke contends the district court failed to make findings as to the defendants' status as ERISA fiduciaries. As a result, Geweke seeks a remand.
 
 
 25
 Geweke waived its right to make these ERISA claims because Geweke neither raised this issue to the district court nor requested leave to amend to attempt to assert a claim under ERISA. Geweke admits that "[t]he issue of Omni's and Alden's fiduciary status was not raised or argued below."
 
 
 26
 Equally important, Geweke's federal claims also fail on substantive grounds. This court's ruling in Kyle controls-performance of ministerial duties or processing claims does not make a party a fiduciary under ERISA. Kyle, 990 F.2d at 516. Omni's duties were similar to the third party administrator in Kyle. Id. at 516. Geweke, not Omni, remained the Plan Administrator, established guidelines for claim processing, and retained final discretion over claims decisions. Omni's duties were to provide day-to-day servicing of Plan, a purely "ministerial function," without discretionary authority or control over Plan management. In Kyle, this court held that such third party administrators are not ERISA fiduciaries. Geweke, like the plaintiff in Kyle, also cannot allege that Omni became a de facto fiduciary by exceeding the scope of the Agreement; the Agreement determines Omni's fiduciary status with the Plan. Id.
 
 
 27
 Significantly, Geweke offers no argument at all as to why Alden is potentially liable under ERISA as a fiduciary. This failure itself defeats Geweke's attempt to make ERISA claims against Alden. Moreover, Kyle specifically found that ERISA did not transform excess liability insurers into fiduciaries under normal circumstances, unless given discretion to manage plan assets or to determine claims. Id. at 517. Accordingly, Geweke has provided no basis for leave to amend claims against Alden either.
 
 CONCLUSION
 
 28
 Geweke's state law claims are not preempted by ERISA. Geweke could not state a federal claim under ERISA, even if it had not waived them. Accordingly, the judgment is AFFIRMED-IN-PART and REVERSED-IN-PART. Costs are awarded to Geweke.
 
 
 
 [1]
 The United States Department of Labor ("DOL") filed an amicus curiae brief in support of Geweke, arguing that Geweke's claims were not preempted by ERISA and that therefore federal subject matter jurisdiction was lacking
 
 
 [2]
 Indeed, service necessary for operation of a plan is exempted from the scope of "prohibited transactions." 29 U.S.C. § 1108(b)(2)